JUSTICE NELSON
delivered the Opinion of the Court.
Plaintiffs Russell and Donn R. Haugen appeal an order of the District Court for the Seventeenth Judicial District, Blaine County, dismissing their claim for failing to meet the requirements of Rule 41(e), M.R.Civ.P. We affirm.
We address the following issues on appeal:
*4 1. Did the District Court err in determining that Plaintiffs failed to meet the requirements of Rule 41(e), M.R.Civ.P., thereby requiring dismissal of their claim?
2. Did Plaintiffs file their Notice of Appeal in a timely manner?
Factual and Procedural Background
Plaintiffs filed their complaint on August 28, 1992, seeking damages for an alleged unlawful sale of personal property in connection with a sheriff’s sale. The sale was held pursuant to a judgment obtained by Blaine Bank of Montana (Blaine Bank) against Plaintiffs. The Clerk of the District Court of Blaine County issued a summons for each Defendant on July 23,1993, but the summonses were never served.
On September 21,1994, the clerk of court sent a letter to Plaintiffs’ attorney advising him that the case remained open and requesting that some action be taken, if possible, to move the case closer to conclusion. On April 7, 1995, Plaintiffs’ attorney filed a report with the District Court stating Plaintiffs’ intention to activate the file and proceed with their claim. On July 3, 1995, Plaintiffs filed a notice advising the court that their previous counsel had withdrawn and new counsel had been substituted.
Defendants William Larsen and Blaine Bank prepared a Motion to Dismiss for Failure to Prosecute in anticipation of Plaintiffs not perfecting service within three years of filing the complaint. The motion was mistakenly filed on August 24, 1995, a few days prior to the expiration of the three-year period.
At Plaintiffs’ request, the clerk of court issued amended summonses on August 23,1995. The Blaine County Sheriff’s Office served the complaint and summonses upon Defendants Larsen and Blaine Bank on August 25, 1995, and upon Defendant Glenn Huestis, on August 29, 1995. The sheriff returned proof of service for each summons to Plaintiffs’ counsel, as he had been instructed.
On August 29,1995, the District Court dismissed the complaint on the grounds that Plaintiffs failed to file proof of service for each summons with the clerk of court within the three years proscribed by Rule 41(e), M.R.Civ.P. Plaintiffs moved for reconsideration stating that they did not receive proof of service on the three summonses until August 31, 1995, three days after the expiration of the three-year period, and that they mailed the proof of service for each summons to the clerk of court for filing on September 2,1995. The District Court denied Plaintiffs’ Motion for Reconsideration and Plaintiffs appeal.
*5 Issue 1.
Did the District Court err in determining that Plaintiffs failed to meet the requirements of Rule 41(e), M.R.Civ.P., thereby requiring dismissal of their claim?
Our standard in reviewing a district court’s conclusions of law is to determine whether the court’s interpretation of the law is correct. Sinclair v. Big Bud Mfg. Co. (1993), 262 Mont. 363, 366, 865 P.2d 264, 266 (citing Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603).
The District Court dismissed Plaintiffs’ complaint because Plaintiffs failed to file proof of service for each summons with the clerk of court within three years of the commencement of this action. Plaintiffs filed their complaint on August 28, 1992. Under Rule 41(e), M.R.Civ.P., the summonses for all three Defendants should have been served and filed by August 28,1995. However, Defendant Huestis was not served with a summons until August 29,1995. In addition, proof of service upon all three Defendants was not filed with the clerk of court until September 5, 1995. Rule 41(e), M.R.Civ.P. provides in pertinent part:
all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within 1 year, or unless summons issued within one year shall have been served and filed with the clerk of the court within 3 years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said 3 years. [Emphasis added.]
Plaintiffs contend that as long as the summonses were served within three years, filing proof of service with the clerk of court is a mere formality and failure to file should not preclude proceeding with their claim. Plaintiffs rely on Livingston v. Treasure County (1989), 239 Mont. 511, 781 P.2d 1129, for this proposition.
In Livingston, the plaintiff filed a complaint on November 27,1985, alleging personal injuries due to the negligence of defendant’s employees. A summons was issued on the same day. Three years later, on November 27, 1988, plaintiff delivered the summons and complaint to the sheriff, who served defendant on that day. Plaintiff did not file proof of service of the summons with the district court until December 20,1988. We held in Livingston that filing proof of service *6 is “simply a ministerial act” and failure to file within three years of the commencement of the action did not require dismissal. Livingston, 781 P.2d at 1131.
Having carefully considered Livingston and other more recent decisions involving Rule 41(e), M.R.Civ.R, we now conclude that our interpretation of this Rule in Livingston was incorrect. As Justice McDonough pointed out in his dissent in Livingston,
[t]he language of the rule clearly and unequivocally requires the dismissal of lawsuits when the return of service fails to be “filed with the Clerk of Court within three years after the commencement of said action.” Such words should be given their plain and ordinary meaning. Section 1-2-106, MCA, Rierson v. State (1980), 188 Mont. 522, 614 P.2d 1020.
Livingston, 781 P.2d at 1131.
In addition, we stated in First Call v. Capital Answering Serv., Inc. (1995), 271 Mont. 425, 428, 898 P.2d 96, 97, that:
It is an oft repeated rule of statutory construction, equally applicable to our interpretation of the rules governing practice and procedure in the courts of this State, that “the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.” Section 1-2-101, MCA. Moreover, if the language is clear and unambiguous, no further interpretation is required.
The language of Rule 41(e), M.R.Civ.P., is clear and unambiguous; all actions shall be dismissed unless summons issued within one year “shall have been served and filed with the clerk of the court within 3 years after the commencement of said action.”
We therefore hold that filing proof of service with the clerk of court is not “simply a ministerial act” as we stated in Livingston and we overrule Livingston on that basis.
Furthermore, we reasoned in Livingston that dismissing an action because the plaintiff failed to file proof of service with the clerk of court within the three-year period proscribed by Rule 41(e) was too harsh a result and prejudicial to the plaintiff. On the contrary, permitting a plaintiff to disregard the mandates of Rule 41(e) is prejudicial to the defendant and defeats the'purpose of the Rule which is to promote the diligent prosecution of claims once suit is filed.
In the case before us, Plaintiffs were less than diligent in proceeding with their claim. They filed the complaint two days before the statute of limitations on their claim expired. They did not issue the *7 original summonses until the month before the one-year period dictated by Rule 41(e) elapsed, and they did not attempt to issue amended summonses until one week before the three-year period dictated by Rule 41(e) elapsed.
Moreover, since the three-year period for serving a summons set forth in Rule 41(e) was about to expire, Plaintiffs could have taken any one of several steps to insure that they complied with all of the requirements of that Rule. First, rather than instructing the Sheriff to return proof of service for each summons to Plaintiffs’ counsel, Plaintiffs could have requested that the Sheriff file the proof of service with the clerk of court as soon as service had been accomplished. Second, Plaintiffs could have requested that the Sheriff serve the summonses and return the proof of service to Plaintiffs by a specific date. Third, Plaintiffs could have asked the Sheriff to call them when service was made so that Plaintiffs could pick up the proof of service rather than having the Sheriff mail it to them. And, finally, Plaintiffs could quite simply have issued the amended summonses a few days sooner than they did.
The dissent believes that our decision to overrule Livingston should be applied prospectively only, as it would be an injustice to deny the Plaintiffs the opportunity to present their case before a tribunal of this State. However, as we have just demonstrated, the Plaintiffs had every opportunity to present their claim. It is because of their lack of diligence that they are now precluded from proceeding.
Rule 41(e) has at all times pertinent to this action required that summons be served and filed with the clerk of court within three years of the commencement of the action. Consequently, this is not a question of whether a judicial revision of a procedural rule should have retroactive application, as Rule 41(e) has not been revised. Rather, this is a question of whether a change in the judicial interpretation of a long-existing procedural rule should have retroactive application.
It is an often cited judicial canon that retroactivity “is not favored in the law,” hence “congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result.” Landgraf v. USI Film Products (1994), 511 U.S. 244, 114 S.Ct. 1483, 1496, 128 L.Ed.2d 229 (quoting Bowen v. Georgetown University Hospital (1988), 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493). However, the United States Supreme Court maintains that “[t]he principle that statutes operate only prospectively, while judicial decisions operate retrospectively, is fa *8 miliar to every law student.” Rivers v. Roadway Express, Inc. (1994), 511 U.S. 298, 114 S.Ct. 1510, 1519, 128 L.Ed.2d 274 (quoting United States v. Security Industrial Bank (1982), 459 U.S. 70, 79, 103 S.Ct. 407, 413, 74 L.Ed.2d 235). “Judicial decisions have had retrospective operation for near a thousand years.” Rivers, 511 U.S. at_, 114 S.Ct. at 1519 (quoting Kuhn v. Fairmont Coal Co. (1910), 215 U.S. 349, 372, 30 S.Ct. 140, 148, 54 L.Ed. 228 (Holmes, J., dissenting)). Moreover, “[a] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction.” Rivers, 511 U.S. at_, 114 S.Ct. at 1519.
Similarly, this Court has often stated that judicial decisions will be given retroactive effect. Kleinhesselink v. Chevron, U.S.A. (1996), [277 Mont. 158], 920 P.2d 108, 111; Porter v. Galarneau (1996), 275 Mont. 174, 185, 911 P.2d 1143, 1150; State, City of Bozeman v. Peterson (1987), 227 Mont. 418, 420, 739 P.2d 958, 960. To illustrate, in First Call v. Capital Answering Serv., Inc. (1995), 271 Mont. 425, 898 P.2d 96, when called upon to interpret another provision of Rule 41(e), this Court held that dismissals under the Rule are dismissals with prejudice and must be given res judicata effect. In so holding, the Court overruled two prior decisions in direct opposition to the holding in First Call, and remanded the case to the District Court for entry of an order dismissing the complaint with prejudice.
Even if we considered the interpretation of Rule 41(e) in the instant case as a revision of the Rule, that revision could still be applied retroactively under our existing case law. Section 1-2-109, MCA, provides:
When laws retroactive. No law contained in any of the statutes of Montana is retroactive unless expressly so declared.
This Court has repeatedly interpreted the above statute by defining a retroactive law as one that takes away or impairs vested rights acquired under existing laws or creates new obligations or imposes new duties in respect to transactions already past. Castles v. State ex rel Mont. Dept. of Highways (1980), 187 Mont. 356, 360, 609 P.2d 1223, 1225; Matter of Water Rights No. 101960-41S (1991), 249 Mont. 425, 429, 816 P.2d 1054, 1058; Porter, 911 P.2d at 1150. However, this Court has simultaneously pointed out that a statute that modifies the procedure for exercising a vested right or carrying out a duty does not constitute retroactive legislation. Castles, 609 P.2d at 1225; Matter of Water Rights, 816 P.2d at 1058. Although the guiding principle is § 1-2-109, MCA, it has been held that where a statute is procedural, rather than substantive, § 1-2-109, MCA, has no application, and the *9 statute in question will be applied to a cause of action arising before its enactment. Boehm v. Alanon Club (1986), 222 Mont. 373, 377, 722 P.2d 1160, 1162. See Saint Vincent Hosp. v. Blue Cross (1993), 261 Mont. 56, 61, 862 P.2d 6, 9; State Compensation Ins. v. Sky Country (1989), 239 Mont. 376, 379, 780 P.2d 1135, 1137; Weiss by and through Weiss v. State (1986), 219 Mont. 447, 449, 712 P.2d 1315, 1316; State v. District Court of Fourth Judicial District (1966), 148 Mont. 22, 28, 417 P.2d 109, 112. When a change of law merely affects the remedy or law of procedure, all rights of action will be enforceable under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether the suit has been instituted or not, unless there is a saving clause as to existing litigation. Fourth Judicial District, 417 P.2d at 112.
In like maimer, the United States Supreme Court has stated that a retroactive law is one that takes away or impairs vested rights but “[n]o one has a vested right in any given mode of procedure.” Ex parte Collett (1949), 337 U.S. 55, 71, 69 S.Ct. 944, 953, 93 L.Ed. 1207. “Changes in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity.” Landgraf, 511 U.S. at_, 114 S.Ct. at 1502. “Because rules of procedure regulate secondary rather than primary conduct, the fact that a new procedural rule was instituted after the conduct giving rise to the suit does not make application of the rule at trial retroactive.” Landgraf, 511 U.S. at_, 114 S.Ct. at 1502.
Hence, both the United States Supreme Court and this Court have repeatedly ruled that judicial decisions, particularly on procedural matters, may be applied retroactively. Moreover, while stare decisis is a fundamental doctrine which reflects our concerns for stability, predictability and equal treatment, stare decisis does not require that we follow a manifestly wrong decision. Formicove, Inc. v. Burlington Northern, Inc. (1983), 207 Mont. 189, 194-95, 673 P.2d 469, 472. The doctrine of stare decisis is not an inflexible rule since previous decisions should not be followed to the extent that error may be perpetuated. State v. State Board of Examiners (1957), 131 Mont. 188, 194, 309 P.2d 336, 340.
Accordingly, we hold that the District Court was correct in dismissing Plaintiffs’ complaint because Plaintiffs failed to file proof of service of summons with the clerk of court within three years of the commencement of this action.
*10 Issue 2.
Did Plaintiffs file their Notice of Appeal in a timely manner?
Defendants contend that Plaintiffs’ appeal in this matter is untimely because the District Court’s order dismissing Plaintiffs’ complaint was filed on August 29, 1995, and Plaintiffs’ Notice of Appeal was not filed until November 8, 1995. Defendants argue that under Rule 5, M.R.App.R, a Notice of Appeal should have been filed within 30 days of the District Court’s order dismissing Plaintiffs’ complaint. Rule 5, M.R.App.P, provides, in part:
(a) Appeals in civil cases.
(1) In civil cases the notice of appeal required by Rule 4 shall be filed with the clerk of the district court within 30 days from the date of the entry of the judgment or order appealed from, except that in cases where service of notice of entry of judgment is required by Rule 77(d) of the Montana Rules of Civil Procedure the time shall be 30 days from the service of notice of entry of judgment. ... [Emphasis added.]
Plaintiffs assert that they did not receive a Notice of Entry of Judgment as required by Rule 5, M.R.App.R, and Rule 77(d), M.R.Civ.P. Rule 77(d), M.R.Civ.R, provides, in part:
Notice of entry of judgment or order served. Within 10 days after entry of judgment or an order in an action in which an appearance has been made, notice of such entry, together with a copy of such judgment or order or general description of the nature and amount of relief and damages thereby granted, shall be served by the prevailing party upon all parties who have made an appearance, but any other party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. [Emphasis added.]
As the prevailing party, Defendants should have served Plaintiffs with a notice of entry of judgment. Plaintiffs would then have had 30 days from the service of the notice of entry of judgment to file their Notice of Appeal. Rule 5, M.R.App.P. It is the filing of a notice of entry of judgment that begins the running of the time limit for filing a notice of appeal. In re Marriage of Robertson (1989), 237 Mont. 406, 411, 773 P.2d 1213, 1216 (citations omitted). Since Defendants failed to serve Plaintiffs with a notice of entry of judgment, the 30 days allowed Plaintiffs to file the notice of appeal never began to run. Robertson, 773 P.2d at 1216.
*11 Defendants also contend that Plaintiffs’ motion for reconsideration, filed September 5, 1995 and denied by the District Court on October 13, 1995, did not extend the deadline for filing a Notice of Appeal. Since we have already stated that the time allowed Plaintiffs to file their Notice of Appeal never began to run, there was, thus, no need for an extension. We nevertheless address Defendants’ contention to further clarify this issue.
Under Rule 5(a)(4), M.R.App.R, a Notice of Entry of Judgment is not required to begin the running of the time for filing a Notice of Appeal when a motion has been made under Rules 50(b), 52(b), or 59, M.R.Civ.P. When a timely motion under any of these rules is filed in the district court by any party,
the time for appeal for all parties shall ran from the entry of the order denying a new trial or granting or denying any other such motion, or if applicable, from the time such motion is deemed denied at the expiration of the 45-day [now 60-day] period established by Rule 59(d), Montana Rules of Civil Procedure.
Rule 5(a)(4), M.R.App.P.
Amotion for reconsideration is not one of the motions referred to in Rule 5(a)(4), M.R.App.P. In fact, a motion for reconsideration is not one of the post-judgment motions provided for, or authorized, by the Montana Rules of Civil Procedure. Taylor v. Honnerlaw (1990), 242 Mont. 365, 367, 790 P.2d 996, 997-98 (citing Anderson v. Bashey (1990), 241 Mont. 252, 254, 787 P.2d 304, 305).
This Court has previously stated that a motion for reconsideration will not be equated to a Rule 59(g) motion to alter or amend a judgment unless the substance of the motion constructively requests the court to alter or amend the judgment. Miller v. Herbert (1995), 272 Mont. 132, 135-36, 900 P.2d 273, 275. Instead, we will look to the substance of the motion to identify what motion has been presented. Miller, 900 P.2d at 275. Since Plaintiffs’ motion for reconsideration is not one of the motions contemplated by Rule 5(a)(4), M.R.App.R, the 30-day limit allowed Plaintiffs to file their Notice of Appeal would not have begun to ran with the denial of this motion. Robertson, 773 P.2d at 1216-17.
Accordingly, we hold that Plaintiffs did file their Notice of Appeal in a timely manner.
Affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES ERDMANN and GRAY concur.