No. 97-162

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 52

DAN EDDLEMAN and JAMES D. SLACK,

Plaintiffs-Appellants,

vs.

AETNA LIFE INSURANCE CO.,
a Connecticut corporation,

Defendant-Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Randy S. Laedeke, Laedeke Law Office, Billings, Montana

For Respondent:

William A. Cole, Dorsey & Whitney, Billings, Montana

Submitted on Briefs: November 20, 1997

Decided: March 10, 1998
Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    This is an appeal from a January 7, 1997 order of the Thirteenth Judicial District Court, Yellowstone County, dismissing with prejudice the complaint of Dan Eddleman and James D. Slack (Plaintiffs) filed against Aetna Life Insurance Co. (Aetna) on the ground that Plaintiffs failed to file their return of service of summons within the three year period specified by Rule 41(e), M.R.Civ.P.  We affirm.

Background

¶2    Plaintiffs commenced their action with the filing of their complaint on November 12, 1992, claiming that Aetna had violated statutory rights of first refusal allegedly granted to Plaintiffs under §§ 25-13-901 through -904, MCA. Summons was issued April 14, 1993. Thereafter, and despite Plaintiffs' Response to Rule 7 [of the Rules of Practice of the Thirteenth Judicial District Court] Order on May 14, 1993, that "the summons and complaint in this case will be served on defendant within the next 30 to 60 days," the case languished.

¶3    On November 9, 1995, the court, pointing out that no proceedings had been taken in the action for two and one-half years, served Plaintiffs' counsel with notice that, absent a showing of good cause, the action would be dismissed within ten days.  Plaintiffs caused their complaint and the summons to be served on the Montana Commissioner of Insurance, Aetna's statutory agent for service of process, on November 13, 1995, at 5:30 p.m. Plaintiffs filed their return of service of process with the Yellowstone County Clerk of the District Court on November 20, 1995.  On November 28, 1995, the court entered its order dismissing Plaintiffs' complaint on the merits.  However, the court vacated this order on January 12, 1996, on the Plaintiffs' motion representing that the summons and complaint had been served on November 13, 1995, and the return of service had been filed on November 20, 1995, eight days prior to the court's order.

¶4    Aetna moved to dismiss on January 23, 1996, for untimely service of process under Rule 41(e), M.R.Civ.P.  After briefing, the court denied Aetna's motion on July 24,

1996, ruling that process was served within three years of filing the complaint and that, under our decision in Livingston v. Treasure County (1989), 239 Mont. 511, 781 P.2d 1129, the filing of the return of service with the clerk of court was simply a ministerial act which did not affect the timeliness of service of process for Rule 41(e), M.R.Civ.P., purposes. Aetna filed its answer on September 3, 1996. However, on December 18, 1996, Aetna moved the court to reconsider its July 24, 1996 order on the basis of our decision in Haugen v. Blaine Bank of Montana (1996), 279 Mont. 1, 926 P.2d 1364, which overruled Livingston. Aetna's motion was supported by a brief.

¶5   Plaintiffs filed a written objection to Aetna's motion on January 9, 1997. It is worthy of note, however, that Plaintiffs' objection, less than a page long, simply stated that they were entitled to rely on the law at the time process was served and that Aetna's motion for reconsideration was not timely. They filed no supporting brief or memorandum of law; they cited no authority whatsoever to the court; they did not develop any argument in support of their position.

¶6   The court granted Aetna's motion to reconsider and on January 7, 1997, ordered Plaintiffs' complaint dismissed with prejudice. Plaintiffs timely appealed.

Issue

¶7   Did the District Court err in dismissing Plaintiffs' complaint?

Discussion

¶8   A district court's determination that a complaint must be dismissed for failure of the plaintiff to comply with Rule 41(e), M.R.Civ.P. is a conclusion of law. See Sinclair v. Big Bud Mfg. Co. (1993), 262 Mont. 363, 366, 865 P.2d 264, 266; First Call, Inc. v. Capital Answering Serv., Inc. (1995), 271 Mont. 425, 426, 898 P.2d 96; Haugen, 279 Mont. at 5, 926 P.2d at 1366. Our review of the District Court's conclusions of law is plenary. We simply determine whether the court's interpretation of the law is correct. First Call, 271 Mont. at 426, 898 P.2d at 96 (citing Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603).

¶9   Rule 41(e), M.R.Civ.P., provides in pertinent part:
   all actions heretofore or hereafter commenced shall be dismissed by the court
   in which the same shall have been commenced, on its own motion, or on the
   motion of any party interested therein, whether named in the complaint as a
   party or not, unless summons shall have been issued within 1 year, or unless
   summons issued within one year shall have been served and filed with the
   clerk of the court within 3 years after the commencement of said action, or
   unless appearance has been made by the defendant or defendants therein
   within said 3 years.   [Emphasis added.]

In Haugen, we held that the filing of proof of service with the clerk of court is not simply a
ministerial act and that the rule clearly and unequivocally requires the dismissal of lawsuits
when the return of service is not filed with the clerk of court within three years after the
commencement of the action.  Haugen, 279 Mont. at 6, 926 P.2d at 1366-67.

¶10  In the case at bar it is undisputed that the return of service of process was not filed
with the clerk of the district court within three years after the commencement of Plaintiffs'
cause of action on November 12, 1992, as required by Rule 41(e), M.R.Civ.P.  To the
contrary, the record clearly reflects that the return of service was filed with the clerk on
November 20, 1995, some three years and eight days after commencement of the action.
Accordingly, under the plain language of Rule 41(e), M.R.Civ.P., as interpreted by our
decision in Haugen, the trial court properly dismissed Plaintiffs' complaint with prejudice.

¶11  Notwithstanding, Plaintiffs argue on appeal that the court's dismissal of their
complaint deprived them of procedural due process under Article II, Section 17 of the
Montana Constitution because they relied on our decision in Livingston.  Under Livingston,
we determined that filing proof of service is "simply a ministerial act" and failure to file
within three years of the commencement of the action did not require dismissal of the
complaint.  Livingston, 239 Mont. at 513, 781 P.2d at 1131 (overruled by Haugen, 279
Mont. at 6, 926 P.2d at 1364).  We note, however, that this argument was not raised by the
Plaintiffs in the District Court.  Accordingly, we decline to address it on appeal.  Dodd v.
City of East Helena (1979), 180 Mont. 518, 523, 591 P.2d 241, 244 (a constitutional issue
is waived if not presented at the earliest opportunity) (citing Johnson v. Doran (1975), 167
Mont. 501, 511, 540 P.2d 306, 311; Clontz v. Clontz (1975), 166 Mont. 206, 531 P.2d 1003;
and Union Interchange, Inc. v. Allen (1962), 140 Mont. 227, 370 P.2d 492).

¶12  Plaintiffs also argue that our decision in Haugen, should not be applied

retroactively.
Aside from the fact that Plaintiffs also failed to make, much less develop, this argument in
the District Court, this issue was discussed at length and decided against Plaintiffs' position
in Haugen.  See Haugen, 279 Mont. at 7-9, 926 P.2d at 1367-69.  Accordingly, we decline
to discuss this argument further.  See Matter of R.B.O. (1996), 277 Mont. 272, 283, 921 P.2d
268, 274.

¶13  We hold that the District Court did not err in dismissing Plaintiffs' complaint with
prejudice.  Affirmed.

/S/  JAMES C. NELSON


We Concur:

/S/  J. A.  TURNAGE
/S/  KARLA M. GRAY
/S/  JIM REGNIER


Justice W. William Leaphart, dissenting.

¶14  For the reasons set forth in my dissent in Haugen v. Blaine Bank of Montana (1996),
279 Mont. 1, 926 P.2d 1364, I dissent.

/S/  W. WILLIAM LEAPHART

Justice Terry N. Trieweiler dissenting.

¶15  For most of the reasons set forth in my dissent to this Court's decision in Haugen v.
Blaine Bank of Montana (1996), 279 Mont. 1, 926 P.2d 1364, I also dissent from the
majority opinion in this case.

/S/  TERRY N. TRIEWEILER

Justice William E. Hunt, Sr. dissenting.
¶16  For the reasons set forth in the dissenting opinions of Justices W. William Leaphart
and Terry N. Trieweiler, and my own dissenting opinion in Haugen v. Blaine Bank of
Montana (1996), 279 Mont. 1, 926 P.2d 1364, and as the author of Livingston v. Treasure
County, the case overturned by Haugen, I dissent from the majority opinion in this case.

/S/   WILLIAM E. HUNT, SR.