No. 98-235

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 314

MARILYN SCHMITZ, on her own behalf and as spouse and

next friend of PETER E. SCHMITZ, and PETER SCHMITZ,

Plaintiffs and Appellants,

v.

NED VASQUEZ, M.D.,

Defendant and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Ronald B. MacDonald and Paul N. Tranel; Datsopoulos,

MacDonald & Lind, P.C.; Missoula, Montana

For Respondent:

John N. Maynard and Alice J. Hinshaw; Crowley, Haughey,

Hanson, Toole & Dietrich, P.L.L.P.; Helena, Montana

Submitted on Briefs: November 24, 1998

Decided: December 23, 1998

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

**¶1. The plaintiff, Marilyn Schmitz, commenced this action in the District Court for the Fourth Judicial District in Missoula County, on behalf of herself and her husband, to recover damages which she alleged were caused by the negligence of the defendant, Ned Vasquez, M.D. The District Court dismissed her complaint for failure to comply with the provisions of Rule 41(e), M.R.Civ.P., related to service of process. Schmitz appeals the order of the District Court. We reverse and remand for further proceedings.**

**¶2. The issue presented on appeal is:**

**¶3. Did the District Court err when it dismissed Schmitz's claims for improper service of summons?**

FACTUAL BACKGROUND

**¶4. Schmitz filed her original complaint, pro se, on April 5, 1994. She alleged that the defendants, Ned Vasquez, M.D., and Mark Sanz, M.D., breached the appropriate standard of care in their treatment of her husband, Peter, and that as a result, he suffered a massive stroke which left him almost completely incapacitated.**

**¶5. On the same day that the complaint was filed, the clerk of the District Court issued Schmitz a summons for each defendant.**

**¶6. Pursuant to § 27-6-701, MCA, of the Montana Medical Legal Panel Act, Schmitz had previously submitted her claim against Vasquez to the panel; however, she had not submitted a claim against Sanz.**

**¶7. Through counsel, Schmitz filed an amended complaint on April 1, 1997. The amended complaint included substantially the same allegations against Vasquez as the original complaint, but it omitted any allegations against Sanz and omitted his**

**name from the caption.**

**¶8. On the same day that the amended complaint was filed, the original summons were returned to the court and an "amended summons" was issued to Schmitz for service upon Vasquez. The amended summons was identical in substance to the original summons for Vasquez, except that Sanz's name was removed from the caption, and the summons was retitled "amended summons."**

**¶9. This summons was served on Vasquez on April 1, 1997. Proof of service was filed with the District Court on April 2, 1997, less than three years from the date that the original complaint was filed.**

**¶10. On April 21, 1997, Vasquez moved for dismissal of the action based upon insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted. This motion was granted, based upon the District Court's conclusion that the original summons was not timely served and that plaintiff's complaint must therefore be dismissed. Schmitz filed a motion for reconsideration and the order was subsequently vacated with instructions from the District Court to brief the issue of prejudice to Vasquez. On February 25, 1998, the District Court reinstated its order which dismissed Schmitz's complaint.**

## DISCUSSION

**¶11. Did the District Court err when it dismissed Schmitz's claims for improper service of summons?**

**¶12. We review a district court's conclusions of law for correctness. *See Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.**

**¶13. The District Court dismissed Schmitz's complaint for her failure to comply with Rule 41(e), M.R.Civ.P., which provides in pertinent part:**

**Failure to serve summons.** No action heretofore or hereafter commenced shall be further prosecuted as to any defendant who has not appeared in the action or been served in the action as herein provided within 3 years after the action has been commenced, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been

commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within 1 year, or unless summons issued within one year shall have been served and filed with the clerk of the court within 3 years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said 3 years.

**¶14. Schmitz contends that the procedural irregularities present in this case should not result in a dismissal of her suit because Vasquez was not prejudiced by the manner in which he was served with process. In support of her contention, she cites our decision in *Yarborough v. Glacier County* (1997), 285 Mont. 494, 948 P.2d 1181, and our policy which favors the resolution of disputes on their merits.**

**¶15. Vasquez contends that Schmitz failed to comply with Rule 41(e), M.R.Civ.P., because the original summons was not served on Vasquez within three years of the commencement of the action. He further contends that the amended summons was invalid because Schmitz did not obtain leave from the court to amend the summons, as required pursuant to Rule 4D(7), M.R.Civ.P., nor did she obtain leave from the court to remove Sanz, as required pursuant to Rule 21, M.R.Civ.P. Schmitz acknowledges that she did not literally comply with Rule 4D(7), but contends she had a right to amend her complaint pursuant to Rule 15(a), M.R.Civ.P.**

**¶16. In *Yarborough*, the plaintiff lost the original summons prior to service. The clerk of court issued an identical summons more than one year after the complaint was filed and the defendant moved for dismissal based upon Rule 41(e). We held that by serving, within three years, an identical copy of an original summons which had been issued within one year of the commencement of the action, the plaintiff complied with the substance and purpose of Rule 41(e). We concluded that "to require more would exalt form over substance and do nothing to further the resolution of controversies on their merits." *Yarborough*, 285 Mont. at 497, 948 P.2d at 1183.**

**¶17. Vasquez points out that the summons in *Yarborough* was a duplicate of the original, while in this case the summons was "amended." He argues that the improper removal of Sanz from the complaint and from the summons constituted a substantial alteration of the summons, which renders the facts in the present case more analogous to those of *Larango v. Lovely* (1981), 196 Mont. 43, 637 P.2d 517.**

¶18. In *Larango*, the plaintiffs altered a summons which had previously been issued by the district court by changing the name of their counsel, as well as by both adding and removing plaintiffs. The defendant moved to quash the summons because it had been materially altered since the date of issuance. Plaintiffs then requested leave to amend the summons, but the district court did not rule upon the motion. We held that the power to issue a summons lies exclusively with the clerk of court, an attorney has no power in the matter, and cannot alter a summons without leave of court. We also held, however, that the district court should have permitted amendment once it was requested. *See Larango*, 196 Mont. at 47, 637 P.2d at 519.

¶19. In this case, Schmitz did not alter a previously issued summons. She requested and received an amended summons from the clerk of the District Court. While it is true that she did not comply with Rule 4D(7) because the District Court did not give her permission to have an amended summons issued, the issuance of the amended summons did not prejudice Vasquez. Our review of both the original and "amended" summons reveals that they are substantively identical. "[W]e disregard [the] terminology in the title of the summons" and look to its substance. *See Yarborough*, 285 Mont. at 499, 948 P.2d at 1184. The purpose of the summons is to provide a defendant with notice that he has been made a party to an action and that he has twenty days to appear before the court.

¶20. Vasquez can show no prejudice resulting from the variation between the manner in which he was served with process and the manner in which he would have been served by the original summons, or the manner in which he would have been served if Schmitz had complied with Rule 4D(7). In all three scenarios, Vasquez received notice, within three years of the commencement of the action, that he was a party to this action. Furthermore, a summons has existed, identifying him as a party, since the commencement of the action.

¶21. Rather than being prejudiced by the amended summons, the amendment actually assisted Vasquez in ascertaining the true nature of the action against him. Schmitz could not proceed against Sanz because she did not make a claim against him before the Medical Legal Panel and, therefore, the District Court had no jurisdiction over him. The amended summons more accurately reflected this fact. In *Larango*, we concluded that where amendment would have aided a party, it was an abuse of discretion for the district court not to allow the amendment. *See Larango*, 196 Mont. at 48, 637 P.2d at 520.

¶22. Vasquez also contends that *Haugen v. Blaine Bank of Montana* (1996), 279 Mont. 1, 926 P.2d 1364, and *Association of Unit Owners v. Big Sky* (1986), 224 Mont. 142, 729 P.2d 469, control the outcome of this case.

¶23. The holding in *Haugen* is inapplicable to the present facts. In *Haugen*, amended summons were issued by the clerk of court, at the plaintiffs' request, just prior to the expiration of the three-year period. The plaintiffs failed to serve one of the summons, and failed to file proof of service for any of the summons prior to the expiration of that period. We held that failure to file the proofs of service within three years of the commencement of the action violated Rule 41(e). *See Haugen*, 279 Mont. at 9, 926 P.2d at 1369. We did not, however, hold that the amended summons were invalid.

¶24. In this case, Schmitz was also issued an amended summons by the clerk of the District Court just prior to the expiration of the three-year period. However, unlike the plaintiffs in *Haugen*, Schmitz was able to serve and file proof of service of the amended summons within the three-year period, in accordance with Rule 41(e).

¶25. In *Association of Unit Owners*, the plaintiffs obtained "duplicate summons" more than one year after the commencement of the action. We held that the purported "duplicates" failed to meet the requirements of Rule 41(e) because they were changed in substance from the original summons which did not give adequate notice to the defendants who were not originally named. *See Association of Unit Owners*, 224 Mont. at 148, 720 P.2d at 472.

¶26. The facts of the present case are distinguishable. Here, there was no change in the summons which was relevant to Vasquez. He received the same notice from the amended summons as he would have received from the original summons. Both provided him with notice that a complaint had been filed against him and that he had twenty days to respond. As we stated earlier, Vasquez can show no prejudice resulting from the removal of another party's name from the summons.

¶27. Rule 1, M.R.Civ.P., provides that the rules of civil procedure should be construed to secure the just, speedy, and inexpensive determination of every action. The policy of the law is to favor trial on the merits. *See Hoyt v. Eklund* (1991), 249 Mont. 307, 311, 815 P.2d 1140, 1142. To bar Schmitz from the courthouse because of procedural irregularities from which Vasquez could show no prejudice would do nothing to further the goals and policies of the rules of civil procedure. We conclude

**that Schmitz complied with the substance and purpose of Rule 41(e), and, as in** *Yarborough***, we decline to elevate form over substance. The amended summons adequately notified Vasquez that he was a defendant in a civil action and that he had twenty days in which to make an appearance. Furthermore, it was served within the time required by law. Therefore, the order of the District Court dismissing the complaint is reversed, and we remand for further proceedings.**

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ J. A. TURNAGE

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

/S/ WILLIAM E. HUNT, SR.

Justice James C. Nelson dissents:

¶28 In my view our decision in *Haugen v. Blaine Bank of Montana* (1996), 279 Mont. 1, 926 P.2d 1364, controls. The majority decision disregards that part of Rule 41(e), M.R.Civ. P., which requires dismissal of the action unless "summons issued within 1 year shall have been served and filed with the clerk of the court within three years after the commencement of [the] action . . . ." Here, the summons issued within one year of the

commencement of the action --the summons naming Dr. Sanz--was not served within 3 years on Dr. Vasquez. Rather, a different summons, one not naming Dr. Sanz and not authorized by the trial court as required by Rule 4D(7), M.R.Civ.P., and our decision in *Larango v. Lovely* (1981), 196 Mont. 43, 637 P.2d 517, was served on Dr. Vasquez. Under the plain language of Rules 41(e) and 4D(7) and under our decisions in *Larango* and *Haugen,* Dr. Vasquez was clearly entitled to dismissal of Schmitzes' complaint against him.

¶29 Schmitzes also violated Rule 21, M.R.Civ.P., which provides that parties--here Dr. Sanz--may be dropped or added "by order of the court on motion of any party or of its own initiative at any stage of the action. . . ." Schmitzes did not move the court to drop Dr. Sanz as a party to their lawsuit, and they had no authority to do so. By failing to obtain leave of court to drop Dr. Sanz, Schmitzes' amended complaint and amended summons are both invalid. Furthermore, their reliance on Rule 15(a), M.R.Civ.P., in dropping Dr. Sanz from the original summons is misplaced. *Pleadings* are, in some cases, permitted to be amended without leave of court under this rule. A summons is not a pleading; it is *process.* See Rules 7(a) and 4C, M.R.Civ.P.

¶30 More importantly, there was absolutely nothing precluding Schmitzes from timely serving their original summons on Dr. Vasquez and filing it with the clerk of court even though Dr. Sanz was improperly named on the original summons. Rule 41(e) specifically provides that:

When more than one defendant has been named in an action, the action may within the discretion of the trial court be further prosecuted against any defendant who has appeared within 3 years, or upon whom summons which has been issued within 1 year has been served and filed with the clerk within 3 years as herein required.

Schmitzes could have and should have timely served Dr. Vasquez with their original summons. Their failure to do so violated Rule 41(e) and is, therefore, fatal under *Haugen*.

¶31 The majority's reliance on *Yarborough v. Glacier County* (1997), 285 Mont. 494, 948 P.2d 1181, is misplaced. That case is factually and legally distinguishable and does not apply in the case *sub judice*. Schmitzes' original summons was not lost during their attempt to timely serve it as was the case in *Yarborough* nor did Schmitzes obtain a second identical summons under Rule 4C(1) to replace the first, as did Yarborough. *Yarborough*,

285 Mont. at 495-97, 948 P.2d at 1181-83. Moreover, Yarborough did not drop a defendant from her lawsuit without court permission in violation of Rule 21, M.R.Civ.P., on her duplicate summons as did Schmitzes on their amended summons. While Yarborough may have complied with the substance of Rule 41(e), Schmitzes did not even come close.

¶32 Additionally, the majority's conclusion that Dr. Vasquez is not prejudiced is flat wrong. Over six years after Schmitzes' claims of alleged malpractice against Dr. Vasquez accrued they filed an invalid amended complaint and served him with an invalid amended summons. Throughout the intervening time they repeatedly violated the procedural laws governing their claims. Their first *pro se* complaint improperly named a defendant who had not been subject to the Montana Medical Legal Panel. Notwithstanding, they could have timely served Dr. Vasquez with their original summons, but did not. They then violated Rule 4D(7) by obtaining an amended summons without leave of court, and they violated Rule 21 by amending their complaint and summons dropping Dr. Sanz without an order of court. Finally, they served Dr. Vasquez with an invalid amended summons after the time-bar of Rule 41(e) had run. Dr. Vasquez will now be forced to defend the merits of a medical malpractice suit from which, under the law, he is entitled to be dismissed. His rights to rely on the courts to evenhandedly apply the rules of civil procedure have been completely trashed. I am hard-pressed to come up with a more clear example of prejudice or result-oriented "justice."

¶33 Finally, it is worth noting that, for a procedural rule, Rule 41(e) generates what, in my view, is an inordinate amount of litigation, appeals and, sometimes bitterly divided decisions from this Court.[1] I, for one, believe that it is an appropriate time for this Court's Advisory Commission on the Montana Rules of Civil Procedure to take a critical look at this Rule and to make appropriate recommendations to this Court. I strongly urge it to do so at the earliest opportunity.

¶34 As to our decision in the case at bar, I would affirm the District Court. I respectfully dissent from our failure to do so.

/S/ JAMES C. NELSON

Justice Karla M. Gray concurs in the foregoing dissent.

/S/ KARLA M. GRAY

1. [1]See, for example, the following cases decided in the last five years: *MacPheat v. Schauf*, 1998 MT. 250, ___ P.2d ___, 55 St.Rep. 1032; *Hadford v. Credit Bureau of Havre, Inc.*, 1998 MT 179, 962 P.2d 1198, 55 St. Rep. 727; *Eddleman v. Aetna Life Ins. Co.*, 1998 MT 52, 955 P.2d 646, 55 St. Rep. 216; *Rocky Mountains Enterprises, Inc. v. Pierce Flooring* (1997), 286 Mont. 282, 951 P.2d 1326; *Yarborough v. Glacier County* (1997), 285 Mont. 494, 948 P.2d 1181; *Haugen v. Blaine Bank of Montana* (1996), 279 Mont. 1, 926 P.2d 1364; *Busch v. Atkinson* (1996), 278 Mont. 478, 925 P.2d 874; *Webb v. T.D.* (1996), 275 Mont. 243, 912 P.2d 202; *First Call, Inc. v. Capital Answering Service, Inc.* (1995), 271 Mont. 425, 898 P.2d 96; *Sinclair v. Big Bud Mfg. Co.* (1993), 262 Mont. 363, 865 P.2d 264.