JUSTICE NELSON
specially concurs.
¶30 I concur in our decision as to Issue 1.1 concur in the result of our decision as to Issue 2, however, I do not agree with all that is said in our discussion of this Issue.
¶31 Specifically, I agree that because the facts of the case at bar are sufficiently similar to those in Yarborough v. Glacier County (1997), 285 Mont. 494, 948 P.2d 1181, Yarborough should control. I do not agree, though, with our citation to Schmitz v. Vasquez, 1998 MT 314, [292 Mont. 164], 970 P.2d 1039. The facts in Schmitz are not even remotely similar to those either in Yarborough or in the instant case. More importantly, as my dissent sets out, Schmitz was wrongly decided in my view. See Schmitz, ¶¶ 27 - 31 (Nelson, J., dissenting). ¶32 As I did in Schmitz, once again I strongly urge this Court’s Advisory Commission on the Montana Rules of Civil Procedure to take a critical look at Rule 41(e), M.R.Civ.P. and to make appropriate recommendations to this Court. This procedural Rule is implicated in far too many appeals. See Schmitz ¶ 32 n. 1. It is obvious that the practicing bar and the trial courts have difficulty following and applying this Rule. Worse, our decisions are rapidly becoming simply a compilation of exceptions demonstrating that the Rule is, alternately, a trap for the unwary or a haven for the incompetent. Either way, Rule 41(e), M.R.Civ.P, needs to be changed.
JUSTICE GRAY concurs in the foregoing special concurrence.