No. 99-594

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 242

STEPHANIE NICOLE JANOW,

Plaintiff and Appellant,

v.

CONOCO PIPE LINE COMPANY and

YELLOWSTONE PIPE LINE COMPANY,

Defendants and Respondents.

APPEAL FROM: District Court of the Fourth, Judicial District,

In and for the County of Misoula,

Honorable Ed McLean, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Christian T. Nygren, Milodragovich, Dale, Steinbrenner & Binney,

P. C., Missoula, Montana

For Respondents:

John P. Davis and Patrick M. Sullivan, Poore, Roth & Robinson, P. C.,

Butte, Montana

Submitted on Briefs: July 14, 2000
Decided: September 7, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1 Montana's Fourth Judicial District Court, Missoula County, dismissed this action based upon Stephanie Nicole Janow's failure to file proof of service of process with the Missoula County Clerk of Court within three years after the action was commenced, as required under Rule 41(e), M.R.Civ.P. (1999). Janow appeals. We affirm.

¶2 Janow states the issues on appeal as:

¶3 1. In light of this Court's orders of September 28, 1999, and November 16, 1999, adopting Rule 4E, M.R.Civ.P., and deleting Rule 41(e), M.R.Civ.P. (1999), did the District Court err in dismissing Janow's claims?

¶4 2. Did the court err in dismissing Janow's claims under Rule 41(e), M.R.Civ.P. (1999)?

¶5 Stephanie Nicole Janow filed her complaint and demand for jury trial in this action on May 22, 1996. The complaint alleged that the defendants, Conoco Pipe Line Company and Yellowstone Pipe Line Company, negligently allowed fuel to leak from a pipe line into and upon Janow's property. On that same date, the District Court issued summonses to the defendants. However, Janow did not serve the complaint until May 1999, and did not file proof of service with the Clerk of the District Court until May 25, 1999, more than three years after she commenced the action. Conoco Pipe Line Company and Yellowstone Pipe Line Company moved to dismiss the action pursuant to Rule 41(e), M.R.Civ.P. (1999). After the issue was briefed by the parties, the District Court granted that motion and dismissed this action with prejudice. Janow appeals.

Issue 1

¶6 In light of this Court's orders of September 28, 1999, and November 16, 1999, adopting Rule 4E, M.R.Civ.P., and deleting Rule 41(e), M.R.Civ.P. (1999), did the District Court err in dismissing Janow's claims?

¶7 Janow first argues that the District Court applied the wrong rule in considering whether to dismiss her complaint. We conclude that the court applied the correct rule.

¶8 On September 28, 1999, this Court amended the Montana Rules of Civil Procedure, deleting Rule 41

(e), M.R.Civ.P. (1999), and adopting in its place Rule 4E, M.R.Civ.P. Rule 41(e), M.R.Civ.P. (1999), provided:

> **Failure to serve summons.** No action heretofore or hereafter commenced shall be further prosecuted as to any defendant who has not appeared in the action or been served in the action as herein provided within 3 years after the action has been commenced and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within 1 year, or unless summons issued within 1 year shall have been served and filed with the clerk of the court within 3 years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said 3 years. When more than one defendant has been named in an action, the action may within the discretion of the trial court be further prosecuted against any defendant who has appeared within 3 years, or upon whom summons which had been issued within 1 year has been served and filed with the clerk within 3 years as herein required.

Rule 4E, M.R.Civ.P., provides:

> (1) A plaintiff shall have 3 years after filing a complaint to have a summons issued and accomplish service. Unless appearance has been made by the defendant(s), the court, upon motion or on its own initiative, shall dismiss an action without prejudice if a plaintiff fails to either have the summons issued or fails to accomplish service within 3 years from the date of the filing of a complaint.

> (2) A plaintiff who names a fictitious defendant in the complaint, pursuant to § 25-5-103, MCA, may amend the complaint to substitute a real defendant for the fictitious defendant within 3 years of filing the original complaint in the action. The 3 year time period set forth in subparagraph (1) of this rule for issuance and service begins to run, as to the newly identified defendant, from the date of the filing of the original complaint.

> (3) The time limit imposed by subparagraphs (1) and (2) above shall apply to all lawsuits in which the original complaints were filed on or after January 1, 2000. The provisions of Rule 41 (e), M.R.Civ.P., replaced by this rule, shall apply to all lawsuits in which the original complaint was filed before January 1, 2000.

On November 16, 1999, we further amended Rule 4E by adding the following sentence to the end of subsection (1), above: "The plaintiff shall file the summons with the clerk of the court within 30 days after service, however, failure to do so shall not affect the validity of service or serve as a basis for dismissal of said action."

¶9 Janow asserts that because this rule amendment represents a procedural, not substantive change, Rule

4E may be applied to suits arising before its enactment. However, Rule 4E explicitly provides that it applies only to suits in which the original complaint was filed on or after January 1, 2000. While Janow might have something of an argument if that explicit effective date were not provided, her argument surely fails when it conflicts with a specific term of the amendment. "If the legislature's intent can be determined from the plain meaning of the words used in a statute, we will go no further." *State ex rel. Neuhausen v. Nachtsheim* (1992), 253 Mont. 296, 299, 833 P.2d 201, 204.

¶10 Because Janow's complaint was filed before January 1, 2000, Rule 41(e), M.R.Civ.P. (1999), applies in this case. We hold that the District Court applied the correct rule in light of this Court's orders of September 28, 1999, and November 16, 1999, adopting Rule 4E, M.R.Civ.P., and deleting Rule 41(e), M.R.Civ.P. (1999).

Issue 2

¶11 Did the court err in dismissing Janow's claims under Rule 41(e), M.R.Civ.P. (1999)?

¶12 A district court's determination that a complaint must be dismissed for failure of the plaintiff to comply with Rule 41(e), M.R.Civ.P. (1999), is a conclusion of law which we review to determine whether the court's interpretation of the law is correct. *Eddleman v. Aetna Life Ins. Co.,* 1998 MT 52, ¶ 8, 288 Mont. 50, ¶ 8, 955 P.2d 646, ¶ 8

¶13 Janow argues that even under Rule 41(e), M.R.Civ.P. (1999), her complaint should not have been dismissed, because of the preference given to trying cases on their merits. She argues that in spite of her failure to comply with the requirements of Rule 41(e), the District Court's order should be reversed because she acted diligently in attempting to comply with the rule. Janow claims that the parties were involved in negotiations at the time she served the defendants with summonses and that her ultimate motive was to avoid litigation altogether. In support of her position, Janow refers to materials that are not part of the record on appeal, including a chronology of alleged events attached as Exhibit C to her brief.

¶14 Conoco Pipe Line Company and Yellowstone Pipe Line Company have moved to strike all references in Janow's brief to materials that are not part of the record on appeal. It is well-established that "[p]arties on appeal are bound by the record and may not add additional matters in briefs or appendices." *Groves v. Clark*, 1999 MT 117, ¶ 19, 294 Mont. 417, ¶ 19, 982 P.2d 446, ¶ 19. The motion to strike is therefore granted, but we decline the defendants' request that sanctions be imposed against Janow.

¶15 In any event, Rule 41(e) contains no exceptions to the requirement that summons must be filed with the clerk of court within three years. In *Haugen v. Blaine Bank of Montana* (1996), 279 Mont. 1, 926 P.2d 1364, this Court upheld the requirement of Rule 41(e) as to filing of proof of service, in the face of some of the same arguments here made by Janow. In *Haugen*, as in the present case, summonses were served within three years, but proof of service was not filed until the three-year period had expired-it

was late by a matter of days. In his special concurrence, Justice Nelson cogently stated

> This case . . . is about the fairness inherent in simply applying the rules of civil procedure as they are written, instead of interpreting them in some strained fashion so as to allow one party to disregard the rules at the expense of the other party. The rules of civil procedure are not written to secure a tactical advantage to either the plaintiff or the defendant; rather, they are written to regulate the course of litigation, to level the playing field, and to move a lawsuit forward at something more than a glacial speed. The rules are there for both parties to read and to follow. If lawyers choose to conduct their practices in the eleventh hour, then neither they nor their clients should be particularly surprised when, whether through dalliance, neglect or lack of attention to the time limits clearly set forth in the rules, time eventually runs out.

*Haugen*, 279 Mont. at 12, 926 P.2d at 1370. In *Eddleman*, at ¶ 10, we reaffirmed our ruling in *Haugen*, again approving the dismissal of a complaint for failure to meet the Rule 41(e) deadline for filing proof of service.

¶16 While Janow argues to the contrary, we agree with the defendants that this case is more similar to *Haugen* than it is to *Schmitz v. Vasquez*, 1998 MT 314, 292 Mont. 164, 970 P.2d 1039. In *Schmitz*, this Court determined that the plaintiff's failure to file and serve the original summons issued within one year was a procedural irregularity from which the defendant/appellant could show no prejudice. However, in that case, the plaintiff had filed proof of service of amended summonses within three years. *Schmitz*, at ¶ 9.

¶17 The law of Montana on this point has been settled since *Haugen* was decided in 1996. Yet Janow waited until the eve of the three-year period to serve her summonses, resulting in her failure to file any proof of service with the Clerk of the District Court until several days after the last day allowed for so doing under Rule 41(e), M.R.Civ.P. (1999). We hold that the District Court was correct in dismissing Janow's complaint.

¶18 Affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

Justice William E. Hunt, Sr. dissents from the majority opinion.

¶19 I dissent for the same reasons I dissented in *Haugen v. Blaine Bank of Montana* (1996), 279 Mont. 1, 926 P.2d 1364; and in *Eddleman v. Aetna Life Ins. Co.*, 1998 MT 52, 288 Mont. 50, 955 P.2d 646.

/S/ WILLIAM E. HUNT, SR.