

FILED

09/01/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0247

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0247

ROBERT MAFFIT, and the MONTANA
INDEPENDENT LIVING PROJECT, INC.,
a Montana Non-Profit Corporation,

        Plaintiffs and Appellants,

v.

The CITY OF HELENA, and JOHN DOES
I-XXX,

        Defendant and Appellee.

ORDER

This matter comes before the Court by motion of the City of Helena (City) to strike portions of the appendix filed by Appellants Robert Maffit and the Montana Independent Living Project, Inc. (MILP) in conjunction with the Opening Brief in this matter. The City argues that MILP has improperly offered documents which are not contained in the District Court record and are therefore not properly before this Court on appeal. M. R. App. P. 8(1).

The City first objects to two complaints MILP filed with the Human Rights Bureau that were not submitted as part of the District Court record. In the response to the City's motion to strike, MILP states that it does not object to the City's motion to strike these documents.

The City next objects to materials MILP offers from the legislative history of Senate Bill 131 of the 46th Legislative Session (1979). Relying on *Janow v. Conoco Pipe Line Co.*, 2000 MT 242, ¶ 14, 301 Mont. 402, 10 P.3d 79, the City argues that the Court should strike these materials because parties cannot add additional matters in their briefs or appendices, but are bound by the record below. It contends that MILP did not raise a legislative intent argument at the District Court level and it thus cannot do so now. The City asserts that it will demonstrate in its response brief that MILP did not preserve this

issue and that it therefore cannot be considered on appeal. The City further argues that MILP has failed to authenticate these documents.

MILP argues that the legislative materials provided in the appendix do not supplement any factual record but are relevant to this Court's determination of the legal question at issue in this matter. Although MILP agrees with the City that this Court generally will not address an issue raised for the first time on appeal, it disagrees that it failed to raise this particular issue below, asserting that both parties raised the issue of legislative intent and interpretation of §49-2-301, MCA, which is at issue in this appeal. It further contends that the legislative materials are self-authenticating under M. R. Evid. 902(5).

We agree with MILP that the matter before us on appeal concerns a question of statutory interpretation. As such, the legislative history may be something this Court considers regardless of whether a party provides a copy to the Court. We therefore will not strike these documents from MILP's appendix; if the City believes the legislative materials provided by MILP are incomplete or inauthentic, or that MILP is raising an argument it failed to preserve, it may so argue in its Response Brief.

THEREFORE,

IT IS ORDERED that Appellee's Motion to Strike Appellants' Human Rights Bureau Complaint and Appellants' Human Rights Bureau Retaliation Complaint is GRANTED.

IT IS FURTHER ORDERED that Appellee's Motion to Strike the legislative materials included in Appellants' Supplemental Appendix to the Opening Brief is DENIED.

The Clerk is directed to give notice of this Order to all counsel of record.

Dated this ____ day of September, 2020.

_____
Chief Justice

2

_____

_____

_____

_____
Justices