No. 86-128

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

DAVID EVANS,

        Plaintiff and Appellant,

   -vs-

MONTANA NATIONAL GUARD, DEPARTMENT OF
MILITARY AFFAIRS OF THE STATE OF MONTANA,
and STATE OF MONTANA,

        Defendants and Respondents.

---

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Moses Law Firm; Jay Lansing, Billings, Montana

    For Respondent:

        R. Scott Currey, Agency Legal Services Bureau,
Helena, Montana

---

Submitted on Briefs: July 17, 1986

Decided:  October 24, 1986

Filed:  OCT 24 1986

_Ethel M. Harrison_
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Plaintiff David Evans appeals from summary judgment against him entered by the District Court of the Thirteenth Judicial District, Yellowstone County. We affirm.

There is one issue on appeal. Did the District Court err in granting summary judgment in favor of defendants?

Evans is a member of the Montana National Guard. In 1981, he went on weekend drill with the Guard at Fort Harrison. Evans was assigned, along with two others, the task of moving a Coke machine from one part of a building to another. With the help of the other two cadets, the Coke machine was tipped on a hand cart so that it was resting on Evans' back. It was then moved to another room. When Evans attempted to right the Coke machine, the machine and cart moved forward pinning Evans' head and neck against the wall. An ambulance was called and he was hospitalized.

After hospitalization, Evans returned to his job as a mail carrier in Billings. In March, 1983, he could no longer physically perform the work. In November, 1983, he underwent surgery for a herniated disc in his back. He has not been able to return to work since the surgery.

Evans filed a complaint asserting two claims against defendants, the Montana National Guard, Department of Military Affairs, and the State of Montana. The first count is a negligence action, the second is a claim brought pursuant to § 10-1-504, MCA (1981).

The District Court granted summary judgment for failure to state a claim upon which relief could be granted. The District Court stated that both sides agreed as to the facts

of the case. The court noted the unique position of the Montana National Guard, and other state militias, in that it is subject to concurrent control by the states and by Congress.

In times of national emergency as declared by Congress, the militia may be called to active federal duty by the President pursuant to 10 U.S.C. § 3500. At such times the militia is subject to federal authority, and operates under rules virtually identical to the United States Army.

During times of state emergency, the militia is subject to call for service by the Governor. Art. VI, § 13, 1972 Mont. Const. Then the militia operates under state authority, but only to the extent that the state rules conform to applicable federal law. Section 10-1-105, MCA.

In times of peace, the militia operates somewhere between the two. The Guard is paid by the U.S. Army. All state militia are required to assemble and drill at least 48 times each year and participate in training and other exercises at least 15 days a year in order to receive federal funding pursuant to 32 U.S.C. § 502(a). The weekend drill that Evans was on was a training session required by 32 U.S.C. § 502(a). However, the weekend drill was called by the State Adjutant General. The District Court held that if Evans was under state authority at the time of the accident, his exclusive remedy is a Workers' Compensation Claim. However, if Evans was under federal authority at the time of the accident, his remedy is in Federal Court pursuant to Federal Tort Claims Act. 28 U.S.C. § 1346(b). The District Court concluded that it was not the proper forum.

On appeal, Evans contends there are two unanswered material issues of fact: whether the Montana National Guard

and the State of Montana are employers as defined under § 39-71-117, MCA, and whether Evans is an employee under § 39-71-118, MCA. Both of these questions would have to be answered in the affirmative in order for Evans to have a remedy under Workers' Compensation.

Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Clarks Fork National Bank v. Papp (Mont. 1985), 698 P.2d 851, 42 St.Rep. 577; Cereck v. Albertsons, Inc. (1981), 195 Mont. 409, 637 P.2d 509. The issues of fact raised by Evans are not factual issues, they are questions of law. There are no disputed facts in this case. The question then becomes, were defendants entitled to judgment as a matter of law? We hold they were. Evans has no right to sue under the State Tort Claims Act. The State Tort Claims Act, § 2-9-102, MCA, states:

> Every governmental entity is subject to liability for its torts and those of its employees acting within the scope of their employment or duties whether arising out of a governmental or proprietary function except as specifically provided by the legislature under Article II, section 18, of The Constitution of the State of Montana.

Governmental entity is defined in § 2-9-101(3), MCA, as: " . . . the state and political subdivisions as herein defined." Political subdivisions are defined in § 2-9-101(5), MCA, as: " . . . any county, city, municipal corporation, school district, special improvement or taxing district, or any other political subdivision or public corporation."

The National Guard is not a political subdivision of the state, it is a military force of this state. Traditionally, the federal government and state governments have not been

held liable in tort for injuries that arise "in the course of activity incident to service." Feres v. United States (1950), 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152, 161; U.S. v. Lee (1968), 400 F.2d 558, cert. den. (1969), 393 U.S. 1053, 89 S.Ct. 691, 21 L.Ed.2d 695.

In Feres, three separate cases were combined but in each the claimant was a member of the military injured by the negligence of other military personnel. Each sued in tort under the Federal Tort Claims Act 28 U.S.C. § 1346(b). The United States Supreme Court held that members of military may not sue in tort for injuries that arise in the course of activity incident to service. It so held for two reasons. First, Veterans Administration benefits, to which servicemen are entitled, establish a no fault compensation scheme as a substitute for tort liability. Second, the Court deplored the effect such suits could have on the maintenance of military discipline and the extreme results which might obtain if suits under the Tort Claims Act were allowed for negligent orders given or negligent acts committed in military duty. In dicta, the United States Supreme Court stated, "[C]laimant cites us no state, and we know of none, which has permitted members of its militia to maintain tort actions for injuries suffered in the service . . . ." Feres, 340 U.S. at 142, 71 S.Ct. at 157, 95 L.Ed. at 158-59.

Likewise, in this case, appellant cites us no case, and we know of none, in which a state allowed members of its militia to sue the state in tort for injuries received incident to service.

We do not make any express ruling as to whether an injured National Guardsman is an employee within the meaning of the Workers' Compensation Act or as to whether the State

- 5 -

is an employer within the meaning of that Act. We cannot rule on this issue because it has not been raised and ruled on in the Workers' Compensation Court.

The second count of Evans' complaint alleges that § 10-1-504, MCA (1981), provides a remedy for him. That section, which was repealed in 1983, stated:

> A member of the organized militia who is wounded, disabled, or dies while on duty in the service of this state shall receive the same benefits that would have been received if the member had been in federal service. However, no benefits may be granted or paid to a member if the member receives a similar benefit from the federal government for injuries or death sustained while on duty.

However, this section is of no avail. Within the context of Title 10, Chapter 1, Part 5, the words "in the service of this state" clearly refer to being called into active duty during times of state emergency by the Governor, pursuant to Art. VI, § 13, 1972 Mont. Const. The National Guard was not called to active service by the Governor in this case. The District Court was correct in granting summary judgment.

By this opinion, we do not determine that Evans has no remedy under federal law or state Workers' Compensation law, we simply decide that there exists no remedy under the State Tort Claims Act or § 10-1-504, MCA (1981).

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

- 6 -