No. 96-095

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

DOROTHY J. LAKE, on her own behalf, and as the personal representative
of the estate of CHARLES EDWARD LAKE, deceased, on behalf of his heirs,

Plaintiff and Appellant,

v.

STATE OF MONTANA,

Defendant and Respondent.

FILED

MAY 27 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

MARK JEFFREY HODIK, a minor, in his own behalf, and by
MARY JO HODIK, his next friend and the personal representative
of the estate of JAMES D. HODIK, deceased,

Plaintiff and Appellant,

v.

STATE OF MONTANA,

Defendant and Respondent.

APPEAL FROM:    District Court of the First Judicial District, In and for the County of
Lewis and Clark, The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Ira D. Eakin (argued) and Michael G. Eiselein; Lynaugh,
Fitzgerald, Eiselein & Eakin; Billings, Montana

For Respondent:

Anita Harper Poe (argued), Sherman V. Lohn, and William Evan Jones;
Garlington, Lohn & Robinson; Missoula, Montana

Submitted: October 22, 1996
Decided: May 27, 1997

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The plaintiffs, Dorothy J. Lake and Mary Jo Hodik, individually and as personal representatives of the estates of Charles Edward Lake and James D. Hodik, commenced separate actions in the District Court for the First Judicial District in Lewis and Clark County to recover damages for personal injuries to and the wrongful deaths of their deceased husbands, whom they claim were injured while working on property owned and controlled by the defendant, State of Montana, through its Department of Military Affairs. After the cases were consolidated by the District Court, the State moved the court to dismiss plaintiffs' complaints by summary judgment pursuant to Rule 56, M.R.Civ.P. After considering the arguments of the parties, the District Court concluded that both claims were barred by the U.S. Supreme Court's decision in *Feres v. United States* (1950), 340 U.S. 135, 71 S. Ct. 153, 95 L. Ed. 2d 152, and the Ninth Circuit Court of Appeals' decision in *Stauber v. Cline* (9th Cir. 1988), 837 F.2d 395, *cert. denied* (1988), 488 U.S. 817. The District Court granted the State's motion to dismiss both complaints with prejudice. Both plaintiffs appeal from the District Court's order. We reverse the judgment of the District Court.

We consider the following issue dispositive:

Can a person who is allegedly injured by the negligence of the State of Montana, acting through its Department of Military Affairs, while in the course of his employment as a civil service technician employed by the United States Army, sue the State of Montana to recover damages for those injuries?

## STANDARD OF REVIEW

Summary judgment is governed by Rule 56(c), M.R.Civ.P., which provides, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(c), M.R.Civ.P.

This Court reviews an order which grants summary judgment *de novo* and applies the same criteria as the district court. *Fenger v. Flathead County* (1996), 277 Mont. 507, 509-10, 922 P.2d 1183, 1184.

In this case, the District Court's order is based on its conclusions of law. We review conclusions of law to determine whether they are correct. *Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

## FACTUAL BACKGROUND

Plaintiffs alleged by complaint that their deceased spouses, Charles Edward Lake and James D. Hodik, were injured on June 7, 1989, while testing M-1 Abrams tanks when those tanks collided on a test track at Fort Harrison near Helena, Montana. Hodik died from his injuries on the same date. Lake survived for a period of time, but subsequently died as a result of his injuries on August 9, 1991.

Plaintiffs alleged that at the time of the collision which caused their husbands' deaths, both Lake and Hodik were employed by the United States Department of Defense as civil service technician-mechanics, and had been employed to operate the tanks owned by the Department of Defense during a fielding program designed to test the tanks' mechanical performance before turning over ownership of the tanks to the State of Montana and its Department of Military Affairs.

Finally, the plaintiffs alleged that pursuant to its agreement with the Department of Defense, the State of Montana had a duty to provide a safe and suitable test area, but that it negligently failed to do so, and that the State's failure was a cause of the collision which caused Lake's and Hodik's injuries and deaths.

In answer to the plaintiffs' complaints, the State admitted that at the time of Lake's and Hodik's injuries they were employed by the United States Department of Defense as civil service technician-mechanics and that the State, through its Department of Military Affairs, had entered into an agreement with the United States Department of Defense for the acquisition of several M-1 tanks, which Lake and Hodik were operating at the time of their collision. However, the State denied the remaining allegations of the plaintiffs' complaints.

After the two claims were consolidated by the District Court, the State moved for summary judgment on several bases. Those bases which are relevant to this appeal were that: (1) the District Court lacked jurisdiction over the two claims because sovereign immunity had not been waived with regard to activities of the Montana Army National

4

Guard, based on *Evans v. Montana National Guard* (1986), 223 Mont. 482, 726 P.2d 1160; and (2) the State cannot be sued for injuries to National Guard members which are "incident to military service," based on *Feres v. United States* (1950), 340 U.S. 135, 71 S. Ct. 153, 95 L. Ed. 2d 152, and its progeny. In support of its motion for summary judgment, the State of Montana submitted affidavits from Gary Hindoien, Brigadier General, Montana National Guard; Doug Booker, Centralized Services Administrator of the Department of Military Affairs for the State of Montana; and Lieutenant Colonel Anthony Morrison. Those affidavits established the following facts which are uncontradicted:

At the time of their collision on June 7, 1989, Lake and Hodik were federal technicians employed pursuant to 32 U.S.C. § 709 (1997)[1] and were performing duties such

---

[1]32 U.S.C. § 709 provides, in relevant part, as follows:

    (a)    Under regulations prescribed by the Secretary of the Army or the Secretary of the Air Force, as the case may be, and subject to subsection (b) of this section persons may be employed as technicians in--

        (1)    the administration and training of the National Guard; and

        (2)    the maintenance and repair of supplies issued to the National Guard or the armed forces.

    (b)    Except as prescribed by the Secretary concerned, a technician employed under subsection (a) shall, which so employed--

        (1)    be a member of the National Guard;

        (2)    hold the military grade specified by the Secretary concerned for that position; and

        (3)    wear the uniform appropriate for the member's grade and component of the armed forces while performing duties as a technician.

    (c)    The Secretary concerned shall designate the adjutants general referred to in section 314 of this title, to employ and administer the technicians authorized by this section.

    (d)    A technician employed under subsection (a) is an employee of the Department of the Army or the Department of the Air Force, as the case

5

as were contemplated by 32 U.S.C. § 709(a)(2), which included the maintenance and repair of federal equipment. As required by 32 U.S.C. § 709(b), Lake and Hodik were also members of the Montana National Guard, but were not in active service of the Guard at that time and place. As technicians, they were considered federal employees and were paid by the federal government.

Lake and Hodik, while performing as technicians, were supporting a federally funded mission to test federally owned tanks under the supervision of the Tank Automotive Command of the U.S. Army (TACOM). The tanks that they were operating at the time of their collision belonged to TACOM, which was under the jurisdiction of the Department of the Army. Hodik and Lake were part of the fielding team which performed under the direct supervision of TACOM. The purpose of the fielding team was to test the tanks for the U.S. Army before turning them over to the Montana National Guard.

Because their deaths were caused by their collision, Lake's and Hodik's beneficiaries were eligible for various benefits pursuant to their status as federal employees. However, neither Lake nor Hodik, nor their beneficiaries, have received, nor are they eligible for, any benefits from the State of Montana, including state retirement benefits, life insurance, or workers' compensation benefits.

---

may be, and an employee of the United States. However, a position authorized by this section is outside the competitive service if the technician employed therein is required under subsection (b) to be a member of the National Guard.

Lake and Hodik were members of a collective bargaining unit known as the Association of Civilian Technicians, and were covered by the terms of that Association's collective bargaining agreement with the State of Montana while serving as federal technicians. If they had had a complaint about the terms of their employment on the date of their injury, they would have been able to express that complaint through the labor management grievance process detailed in the labor-management agreement. However, had they been on active duty for the Montana National Guard, the collective bargaining agreement and its grievance process would have been inapplicable. In that event, they would have been subject to the Uniform Code of Military Justice.

In support of its motion for summary judgment, the State contended, pursuant to *Evans*, that it had not waived sovereign immunity from claims against the National Guard. The State also contended that, pursuant to *Evans*, *Feres*, and *Stauber*, the claims on behalf of Lake and Hodik were barred because they were based on injuries sustained "incident to military service."

In opposition to the State's motion for summary judgment, the plaintiffs pointed out that Article II, Section 18, of the Montana Constitution, abolished sovereign immunity; Article II, Section 32, of the Montana Constitution, subjects the Department of the Military to civilian power; and Article II, Section 16, of the Montana Constitution, provides that injured workers are entitled to full legal redress for injuries caused during the course of their employment by persons other than their employer or fellow employees. Plaintiffs also

7

contended that the *Feres* and *Evans* decisions are distinguishable from the facts of this case, and that the District Court should follow decisions from the State of Washington in *Kirtley v. State* (Wash. App. 1987), 748 P.2d 1128, and *Emsley v. Army National Guard* (Wash. 1986), 722 P.2d 1299.

The District Court agreed with the State of Montana and held that pursuant to *Stauber*, the *Feres* doctrine, as adopted in *Evans*, also applied to the facts in this case. The District Court therefore held that Lake's and Hodik's injuries which caused their deaths were "incident to military service" and that it lacked subject matter jurisdiction to entertain the plaintiffs' complaints. Based on these conclusions, the District Court found it unnecessary to discuss the other issues raised in the State's motion for summary judgment. Neither do we review those issues.

As stated, the issue on appeal is simply whether a person who is allegedly injured by the negligence of the State of Montana, acting through its Department of Military Affairs, while in the course of his employment as a civil service technician employed by the United States Army, can sue the State of Montana to recover damages for those injuries.

The parties' respective arguments on appeal mirror those which were made to the District Court.

We conclude, based on the reasoning set forth in our recent decision in *Trankel v. State of Montana* (Mont. April 30, 1997), No. 96-026, that *Feres* is inapplicable to the facts

8

in this case, and that the plaintiffs' claims are not barred by our prior decision in *Evans*, nor by the Ninth Circuit's decision in *Stauber*.

Our conclusion is compelled by Article II, Section 16, of the Montana Constitution, which provides as follows:

> Courts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character. <u>No person shall be deprived of this full legal redress for injury incurred in employment for which another person may be liable except as to fellow employees and his immediate employer who hired him if such immediate employer provides coverage under the Workmen's Compensation Laws of this state.</u> Right and justice shall be administered without sale, denial, or delay.

(Emphasis added.)

As we stated in *Trankel*, No. 96-026, slip op. at 19:

> We reaffirm that pursuant to the second sentence in Article II, Section 16, of the Montana Constitution, any statute or court decision which deprives an employee of his right to full legal redress, as defined by the general tort law of this state against third parties, is absolutely prohibited. That sentence is mandatory and self-executing, and leaves no room for erosion based on what federal courts or the courts of other states would do pursuant to federal laws or the laws of other states.

At the time of the injuries for which Lake's and Hodik's survivors seek compensation, they were employed by the Department of the Army of the United States. The State of Montana was neither their employer nor a fellow employee, but instead, a third party for purposes of the application of Article II, Section 16, of the Montana Constitution. Therefore, pursuant to that constitutional provision, their right to full legal redress is preserved as a

9

matter of state constitutional law, notwithstanding the authorities relied on by the State and the District Court.

For these reasons, the judgment of the District Court is reversed. This case is remanded to the District Court for further proceedings consistent with this opinion.

_____
/Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

_____
District Court Judge James E. Purcell

10

May 27, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


MICHAEL G. EISELEIN, ESQ.
LYNAUGH, FITZGERALD, EISELEIN & EAKIN
P O BOX 1729
BILLINGS MT  59103-1729

IRA D. EAKIN
ATTORNEY AT LAW
BOX 2110
RED LODGE MT  59068-2110

WILLIAM EVANS JONES, ESQ.
ANITA HARPER POE, ESQ.
GARLINGTON, LOHN & ROBINSON
BOX 7909
MISSOULA MT  59807-7909


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy