No. 98-127

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 341

DEANNA S. QUAMME,

Plaintiff and Appellant,

v.

DIANE JODSAAS,

Defendants and Respondents.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Richard R. Buley, Tipp & Buley, Missoula, Montana

For Respondent:

Robert J. Phillips, Phillips & Bohyer, Missoula, Montana

Submitted on Briefs: June 11, 1998

Decided: December 30, 1998

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

**¶1. Plaintiff Deanna S. Quamme appeals an order of the District Court for the Fourth Judicial District, Missoula County, dismissing her claim for failing to meet the requirements of Rule 41(e), M.R.Civ.P. We reverse.**

**¶2. The following issues are raised on appeal:**

**¶3. 1. Does this Court have jurisdiction over the appeal in this case when Quamme filed the notice of appeal prior to the disposition of her motion to amend the court's judgment?**

**¶4. 2. Did the District Court err when it dismissed Quamme's claims for improper service of summons?**

FACTUAL AND PROCEDURAL BACKGROUND

**¶5. On January 8, 1996, Quamme filed a complaint alleging that she sustained injuries when her automobile was rear-ended by a vehicle owned and driven by Defendant Diane Jodsaas. On the same date that the complaint was filed, the clerk of court issued a summons. This original summons was never served on Jodsaas.**

**¶6. Subsequently, on July 16, 1996, new counsel was substituted for Quamme's original counsel, who was leaving private practice. Her second attorney similarly did not serve the summons on Jodsaas. On July 10, 1997, Quamme hired a third attorney, who was substituted as Quamme's counsel of record. On July 15, 1997, this attorney returned the original summons to the court without service and requested the clerk to issue a new summons reflecting Quamme's change of counsel. On July 15, 1997, the clerk issued a second summons reflecting this change. In all other respects, the second summons was identical to the original summons. On July 22, 1997, Quamme mailed the second summons, along with the complaint, to Jodsaas and requested that she acknowledge service.**

¶7. Jodsaas moved to dismiss the complaint based on her contention that Quamme's summons was not served in compliance with Rule 41(e), M.R.Civ.P. Relying on this Court's decision in Haugen v. Blaine Bank of Montana (1996), 279 Mont. 1, 926 P.2d 1364, the District Court granted the motion and the complaint was dismissed. Eight days later, this Court decided Yarborough v. Glacier County (1997), 285 Mont. 494, 948 P.2d 1181. Thereafter, on December 1, 1997, Quamme filed a motion pursuant to Rules 59 and 60, M.R.Civ.P., to amend or set aside the order granting Jodsaas's motion to dismiss based upon <u>Yarborough</u>. Her motion was deemed denied, however, when the District Court did not rule on it within the 60-day time period prescribed by the rules. The 60-day period expired on January 30, 1998. Quamme filed her notice of appeal on January 20, 1998.

## ISSUE ONE

¶8. Does this Court have jurisdiction over the appeal in this case when Quamme filed the notice of appeal prior to the disposition of her motion to amend the court's judgment?

¶9. According to Rule 59, M.R.Civ.P., a motion to alter or amend a judgment is deemed denied if the court has failed to rule on the motion within 60 days. In this case, Quamme filed her notice of appeal on January 20, 1998, but the 60-day period from the time she filed her motion to amend did not expire until January 30, 1998. Jodsaas points to Rule 5(a)(4), M.R.App.P., which stated that a notice of appeal filed before the disposition of a Rule 59 motion "shall have no effect." Because Quamme filed her notice of appeal ten days prior to the expiration of the 60-day period, she contends that Quamme's notice of appeal was premature and has no effect.

¶10. In support of her motion, Jodsaas incorrectly relies upon the old version of Rule 5(a)(4). That rule was amended effective October 1, 1997, and the language providing that such a motion "shall have no effect" was deleted. The rule now provides that "[a] notice of appeal filed before the disposition of [a motion under Rule 59], whether by entry of an order or deemed denial, *shall be treated as filed after such order or denial and on the day thereof*." Rule 5(a)(4), M.R.App.P. (emphasis added). This Court thus treats Quamme's motion as filed after the date on which her motion to alter the judgment was deemed denied. We hold that we have jurisdiction over this appeal.

No

## ISSUE TWO

**¶11. Did the District Court err when it dismissed Quamme's claims for improper service of summons?**

**¶12. We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct. Schmitz v. Vasquez 1998 MT 314, ¶ 12 , __ Mont. __, ¶ 12 , __ P.2d __, ¶ 12 (citation omitted).**

**¶13. The District Court dismissed Quamme's complaint for her failure to comply with Rule 41(e), M.R.Civ.P., which provides in pertinent part:**

**Failure to serve summons. No action heretofore or hereafter commenced shall be further prosecuted as to any defendant who has not appeared in the action or been served in the action as herein provided within 3 years after the action has been commenced, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within 1 year, or unless summons issued within one year shall have been served and filed with the clerk of the court within 3 years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said 3 years.**

**¶14. Quamme contends that Rule 41(e), M.R.Civ.P., does not require the dismissal of her suit for failing to serve the original summons issued within one year, because after the first year she hired new counsel and Rule 4C(2), M.R.Civ.P., requires that the summons contain the name and address of her attorney. She argues that service of the original summons would have improperly identified an attorney who no longer represents her and would have thus violated Rule 4C(2). Quamme also cites our decision in <u>Yarborough,</u> and argues that serving the second summons complies with the substance and purpose of Rule 41(e), because except for the change of the attorney's name and address, it was identical to the summons issued within the first year.**

**¶15. Jodsaas counters that Quamme failed to comply with Rule 41(e), because a summons issued within the first year was not served on her. She points to this Court's decisions in <u>Haugen,</u> Rocky Mountain Ent. v. Pierce Flooring (1997), 286 Mont. 282, 951 P.2d 1326, and Eddleman v. Aetna Life Ins. Co., 1998 MT. 52, __**

Mont. __, 955 P.2d 646, and argues that under the explicit terms of Rule 41(e), a case must be dismissed when the plaintiff fails to serve a summons that was issued within the first year after the commencement of the action.

¶16. We conclude that Yarborough and our a recent decision in Schmitz controls the disposition of this case, and that the cases relied upon by Jodsaas are distinguishable. In Yarborough, the plaintiff lost the original summons that had been issued the first year. After the first year, the clerk of court issued a duplicate summons, which was served on the defendant within three years from the commencement of the action. The defendant moved for dismissal based upon Rule 41(e). This Court held that by serving a summons within three years that was in substance identical to the original summons issued within the first year, the plaintiff complied with Rule 41(e). We declared that "to require more would exalt form over substance." Yarborough, 285 Mont. at 497, 948 P.2d at 1183.

¶17. Jodsaas argues that Yarborough is inapplicable to this case for two reasons. First, she contends that unlike Yarborough, the second summons in this case is not identical to the first, because it contains the name of a different attorney. We disagree that this difference is substantive. The only difference is that the upper left hand corner of the piece of paper identifies a different attorney and attorney address. The contents of the summons, however, are identical. The purpose of the summons is to notify the defendant that a civil action has been filed against her and that she has twenty days in which to make an appearance. In this case, both summons named Jodsaas as a defendant and both notified her to make an appearance within twenty days. We conclude that the two summons are substantively identical.

¶18. Jodsaas next contends that Yarborough is distinguishable because the summons in Yarborough was lost and it was thus impossible for the plaintiff to serve it, while in this case, the summons was not lost and Quamme's first attorney could have served the summons prior to withdrawing, or the second attorney, who was substituted as counsel within the first year, could have corrected the summons and then served the summons, all within the first year.

¶19. We reject Jodsaas' contention that such a distinction warrants a different result in this case. The salient feature of Yarborough was not simply that the first summons was lost, but also that the second summons was in substance identical to the first. We have already concluded that the second summons in this case was in substance

identical to the first one. Additionally, while Jodsaas complains about the delay in service beyond the first year, this delay is authorized by the statute. In this case, Quamme did not hire her third attorney until after the first year had passed. Service of the original summons that time would not have complied with Rule 4C, M.R.Civ. P., which requires the summons to contain the name and address of the plaintiff's attorney. Quamme therefore requested the clerk to reissue a second summons identifying her current counsel for service on Jodsaas.

¶20. Jodsaas cannot demonstrate prejudice from the fact that she received the second summons, rather than the original. In both cases, Jodsaas received notice that she was a party to the action. In fact, rather than being prejudiced by the second summons, the second summons assisted her by accurately identifying Quamme's current counsel. In <u>Yarborough</u>, we stated that "[w]hile literal consideration of our Rules of Procedure is a necessary starting point, common sense is also necessary to people's confidence in the law." <u>Yarborough</u>, 285 Mont. at 499, 948 P.2d at 1184. In this case, common sense dictated that Quamme serve a second summons correctly identifying her current counsel.

¶21. More recently, in <u>Schmitz</u>, this Court affirmed <u>Yarborough</u> on facts similar to the facts in this case. In <u>Schmitz</u>, more than a year after the commencement of the action, the plaintiffs filed an amended complaint and the clerk of court issued an "amended summons" for service on the defendant. The amended summons was identical in substance to the original summons, except that in conformance with the amended complaint, the name of one of the defendants was removed from the caption, and the summons was retitled "amended" summons. <u>Schmitz</u>, ¶ 8. The amended summons was served on the defendant and proof of service was filed with the district court less than three years from the date on which the original complaint was filed. The defendant moved for dismissal, contending that the plaintiff did not comply with Rule 41(e), because the original summons was not served on him within the three-year period.

¶22. Just as in <u>Yarborough</u>, this Court declined to elevate form over substance and we concluded that the plaintiff had complied with the substance and purpose of Rule 41(e). We held that the defendant Vasquez was not prejudiced, because the amended summons adequately notified him that he was a defendant in a civil action and that he had twenty days to make an appearance. Indeed, the amendment actually assisted him ascertaining the true nature of the action against him by notifying him that the

plaintiff could not proceed against the entity who had previously been named as a defendant. There was no change in the summons which was relevant to Vasquez. Schmitz, ¶¶ 20, 21, 27.

¶23. The holdings in the cases relied upon by Jodsaas are inapplicable to the issues raised in this case. In Haugen, the clerk of court issued an amended summons at the plaintiff's request, just prior to the expiration of the three-year period. The plaintiffs failed to serve one of the defendants and failed to file proof of service of any of the three summons prior to the expiration of the three-year period. Haugen, 279 Mont. at 4, 926 P.2d at 1366. We did not hold that the amended summons were invalid. Rather, we held that the failure to file proof of service of summons with the clerk of court within three years of the commencement of the action violated Rule 41(e). Haugen, 279 Mont. at 9, 926 P.2d at 1369.

¶24. In this case, the clerk of court issued a second summons to Quamme after the first year, but prior to the expiration of the three-year period. However, whether Quamme was able to serve and file proof of the second summons within the three-year period is not at issue in this case as it was in Haugen.

¶25. In Rocky Mountain Ent., plaintiffs served defendants with a summons that had been issued more than one year after the filing of their complaint. When the defendants filed a motion to dismiss based upon Rule 41(e), the plaintiffs served the defendants with the original summons that had been issued within the first year. On appeal, this Court held that the issuance of the subsequent summons did not nullify the original summons. Hence, the plaintiffs served upon the defendants the summons issued during the first year within the three-year period in accordance with Rule 41 (e). Rocky Mountain Ent., 286 Mont. at 305, 951 P.2d at 1341.

¶26. In Rocky Mountain Ent., we did not address whether service of the subsequent summons alone would have complied with Rule 41(e). Thus, our statement that the defendants' motion to dismiss "had merit" at the time it was filed constitutes dicta only. Rocky Mountain Ent., 286 Mont. at 305, 951 P.2d at 1340. Perhaps more importantly, unlike this case, it is not clear whether the subsequent summons was identical in substance to the first summons or why it was even issued at all. Finally, it appears that unlike this case, the original summons in Rocky Mountain Ent. properly identified the plaintiffs' attorneys as required by Rule 4C(2), M.R.Civ.P., while in this case it did not.

¶27. The holding of the last case cited by Jodsaas, <u>Eddleman</u>, similarly is not applicable to the issues raised in this case. In that case, the Court held that the plaintiffs' case must be dismissed because they failed to file the return of service of process with the clerk of court within three years after the commencement of the action <u>Eddleman</u>, ¶ 10. Again, whether Quamme filed the return of service of process within the three-year period is not at issue here.

¶28. Barring Quamme from the courthouse solely because she failed to serve the original summons, which identified an attorney who no longer represents her, does nothing to advance the goals and policies of the Rules of Civil Procedure, when common sense dictated that she simply serve another substantively identical summons that correctly informed Jodsaas of her current attorney as required by Rule 4C(2), M.R.Civ.P. Jodsaas is unable to show any prejudice, because the second summons adequately notified her that she was a defendant in a civil action and that she had twenty days in which to make an appearance. As in <u>Yarborough</u> and in <u>Schmitz</u>, we decline to elevate form over substance. Therefore, we hold that the District Court erred when it dismissed Quamme's claims for improper service of summons. We reverse the order of the District Court dismissing the complaint, and we remand for further proceedings.

¶29. Reversed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER

Justice James C. Nelson specially concurs.

¶30. I concur in our decision as to Issue 1. I concur in the result of our decision as to Issue 2, however, I do not agree with all that is said in our discussion of this Issue.

¶31. Specifically, I agree that because the facts of the case at bar are sufficiently similar to those in *Yarborough v. Glacier County* (1997), 285 Mont. 494, 948 P.2d 1181, *Yarborough* should control. I do not agree, though, with our citation to *Schmitz v. Vasquez*, 1998 MT 314, ___ Mont. ___, ___ P.2d ___. The facts in *Schmitz* are not even remotely similar to those either in *Yarborough* or in the instant case. More importantly, as my dissent sets out, *Schmitz* was wrongly decided in my view. *See Schmitz*, ¶¶ 27 - 31 (Nelson, J., dissenting).

¶32. As I did in *Schmitz*, once again I strongly urge this Court's Advisory Commission on the Montana Rules of Civil Procedure to take a critical look at Rule 41(e), M.R.Civ.P. and to make appropriate recommendations to this Court. This procedural Rule is implicated in far too many appeals. *See Schmitz* ¶ 32 n.1. It is obvious that the practicing bar and the trial courts have difficulty following and applying this Rule. Worse, our decisions are rapidly becoming simply a compilation of exceptions demonstrating that the Rule is, alternately, a trap for the unwary or a haven for the incompetent. Either way, Rule 41(e), M.R.Civ.P., needs to be changed.

/S/ JAMES C. NELSON

Justice Karla M. Gray concurs in the foregoing special concurrence.

/S/ KARLA M. GRAY

No