No. 99-706

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 333

303 Mont. 86

15 P. 3d 402

LAURYL LEE OTTO a/k/a LAURYL L. OTTO, as Personal

Representative of the Estate of JAMES PATRICK IRISH,

and as Guardian of the Estate of JOSHUA JAMES IRISH-OTTO,

JEREMY BEAU IRISH-OTTO, and TIFFANY NIKOLE IRISH-OTTO,

Plaintiff and Appellant,

v.

MONTANA DEPARTMENT OF FISH, WILDLIFE AND PARKS;

MONTANA DEPARTMENT OF NATURAL RESOURCES AND

CONSERVATION; HYDROMETRICS, INC., a Delaware corporation;

Rex R. Seeley d/b/a MONTANA OUTDOOR SPORTS, a sole

proprietorship; and U.S. DIVERS CO., INC., a Delaware corporation,

Defendants and Respondents.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Steven M. Johnson, Timothy B. Strauch; Church, Harris, Johnson,

& Williams, Great Falls, Montana

For Respondents:

James M. Scheier, Agency Legal Services Bureau, Department of

Justice; Donald MacIntyre, Department of Natural Resources and

Conservation, Helena, Montana (for Montana Dept. of Fish, Wildlife

and Parks and Montana Dept. of Natural Resources and Conservation)

Michael F. McMahon, Stuart L. Kellner; Hughes, Kellner, Sullivan & Alke, Helena, Montana (for Hydrometrics, Inc.)

Jon Metropoulos; Gough, Shanahan, Johnson & Waterman, Helena,

Montana (for Montana Outdoor Sports)

Richard A. Lesser; Lesser & Associates, Redondo Beach, California

Joe Seifert; Keller, Reynolds, Drake, Johnson & Gillespie, Helena,

Montana (for U.S. Divers)

Submitted on Briefs: June 22, 2000
Decided: December 14, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Appellant Lauryl L. Otto (Otto), in her capacity as personal representative of the estate of Patrick Irish, filed an action in the Montana First Judicial District Court, Lewis and Clark County, to recover damages for the benefit of her minor children for the wrongful death of her former husband, the father of her children, Patrick Irish (Irish). The respondents moved under former Rule 41(e), M.R.Civ.P., to dismiss Otto's complaint on the grounds that the summonses had not been issued within twelve months of the date of the filing of the complaint. The District Court entered an order dismissing Otto's complaint. Otto appeals from that order of dismissal. We affirm the decision of the District Court.

## FACTUAL BACKGROUND

¶2 Irish was a commercial diver employed by Braun Intertec Northwest of Portland, Oregon (Braun). Hydrometrics, Inc. retained Braun to inspect the integrity of the Clearwater Fish Barrier, also known as the Lake Inez Fish Barrier, located in the Clearwater River approximately five miles north of Seeley Lake. That fish barrier originally was constructed by the Montana Department of Fish, Wildlife and Parks to restrict the upstream passage of undesirable species of fish from Seeley Lake to Lake Inez.

¶3 Irish arrived in Helena on April 4, 1995, to inspect the fish barrier. The next day, an employee of the Montana Department of Natural Resources and Conservation took Irish to Montana Outdoor Sports in Helena to rent diving equipment to be used during his inspection of the fish barrier and then drove him to the fish barrier north of Seeley Lake. It was there, in the course of inspecting the fish barrier that Irish was repeatedly pulled under water by a strong under-tow at the base of the barrier's spillway. Approximately one-half hour after Irish entered the water, he was pulled from the Clearwater River by the Search and Rescue unit of the Missoula County Sheriff's Department. He was immediately transported by helicopter to St. Patrick's Hospital in Missoula where he was pronounced dead upon arrival.

¶4 Otto filed her complaint on April 3, 1997. Counsel for Otto then discovered in January of 1999 that the summonses which had been prepared in 1997 had not been issued.

Summonses were then immediately issued on January 26, 1999, and served upon the defendants.

## QUESTIONS PRESENTED

¶5 I Should this Court adopt an "excusable neglect" exception to former Rule 41(e), M.R. Civ.P.?

¶6 II Is Rule 41(e), M.R.Civ.P., as a legislative enactment, in violation of Article V, Section 11(3) of the Montana Constitution?

¶7 III Does Rule 41(e), M.R.Civ.P., deprive Otto of her right to full legal redress pursuant to Article II, Section 16 of the Montana Constitution?

¶8 IV Does application of Rule 41(e), M.R.Civ.P., deny Otto the right to equal protection of the laws as guaranteed by Article II, Section 4 of the Montana Constitution?

## DISCUSSION

¶9 When the present suit was filed in 1997, Rule 41(e), M.R.Civ.P., provided, in pertinent part:

> [A]ll action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced . . . on the motion of any party interested therein . . . unless summons shall have been issued within 1 year, or unless summons issued within one year shall have been served and filed with the clerk of the court within 3 years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said 3 years.

¶10 There is no question but that the summonses in the present case were not issued until January of 1999, well beyond the requirement of Rule 41(e) that the summons be issued within one year of the April 1997 commencement of the action. Otto contends, however, that her failure to have the summonses issued within the one-year period was the result of excusable neglect, that the defendants suffered no prejudice and were served well within three years of the filing of the complaint and within the three-year statute of limitations, and that the statute which enacted the requirement that the summonses be issued within one year of the filing of the complaint was unconstitutional. We address each of these

questions in order.

## STANDARD OF REVIEW

¶11 This Court reviews a district court's conclusions of law *de novo* to determine whether they are correct. Tungsten Holdings, Inc. v. Kimberlin, 2000 MT 24, ¶ 8, 298 Mont. 176, ¶ 8, 994 P.2d 1114, ¶ 8; Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603. This Court reviews a district court's findings of fact to determine whether they are clearly erroneous. *Tungsten Holdings*, ¶ 8; Interstate Prod. Credit v. DeSaye (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287.

¶12 I Should this Court adopt an "excusable neglect" exception to former Rule 41(e), M.R. Civ.P.?

¶13 In opposing the motions to dismiss based upon Rule 41(e), Otto's counsel submitted an affidavit indicating that, in April of 1997, when he filed Otto's complaint, he instructed his secretary to file the complaint and request the clerk of court to issue a summons for each defendant at the same time, and then to store the issued summonses in a special file for later service after further factual investigation. The affidavit states that the secretary was confused by the direction not to serve the summonses and instead failed to have the summonses issued at the time of the filing of the complaint. Counsel for Otto only discovered this oversight in January of 1999 when he completed his investigation and intended to effect service of process on the various defendants.

¶14 Noting that this Court amended Rule 41(e) (effective January 1, 2000) so that the rule now allows a three-year period for both issuance and service of a summons, and relying on what she characterizes as this Court's "common sense" approach to interpreting Rule 41, Otto asks that we adopt an "excusable neglect" exception to the former rule. *See* Yarborough v. Glacier County (1997), 285 Mont. 494, 948 P.2d 1181; Schmitz v. Vasquez, 1998 MT 314, 292 Mont. 164, 970 P.2d 1039; and Quamme v. Jodsass, 1998 MT 341, 292 Mont. 342, 970 P.2d 1049. Otto asserts that although the defendants in *Yarborough*, *Quamme* and *Schmitz*, were not literally served with summonses that were issued within twelve months after the plaintiffs had filed the complaints, the complaints in those cases survived motions to dismiss for failure to comply with Rule 41(e).

¶15 In *Yarborough*, the original summons which had been timely issued under Rule 41(e) was lost. A duplicate summons was then issued after expiration of the twelve-month

period. We held that the plaintiff, in having the original summons issued within the first year had complied with Rule 41(e) and that an exact copy of the lost original was sufficient for service of process. *Yarborough*, 285 Mont. at 497, 948 P.2d at 1183. In *Schmitz*, Schmitz filed her complaint against Vasquez and Sanz and, on the same day, had the clerk of court issue summonses for each defendant. Over a year after commencing the suit, Schmitz filed an amended complaint naming only Vasquez and omitting Sanz. At the same time, the original summonses were returned to the clerk and an amended summons (with no reference to Sanz) was issued for service on Vasquez. *Schmitz*, ¶ 8. The defendant moved to dismiss alleging failure to comply with Rule 41(e). As in *Yarborough*, we declined to elevate form over substance and held that the plaintiff had complied with the substance and purpose of Rule 41(e). *Schmitz*, ¶ 27.

¶16 In *Quamme*, Quamme's original counsel had a summons issued within one year as required by Rule 41(e), M.R.Civ.P. After the initial one-year period, Quamme retained new counsel who then returned the original summons to the clerk, unserved, and requested the clerk issue a new summons reflecting the name of new counsel, as required by Rule 4C, M.R.Civ.P. In all other respects, the second summons was the same as the original. *Quamme*, ¶ 6. We held that, but for the change in the name of counsel, the content of the two summonses was identical. "In this case, common sense dictated that Quamme serve a second summons correctly identifying her current counsel." *Quamme*, ¶ 20.

¶17 We find the facts in *Yarborough*, *Schmitz* and *Quamme* are distinguishable from those in the present case. In each of those decisions, the plaintiff had in fact had a summons issued within the requisite one-year period but other factual issues not present here, gave rise to a Rule 41(e), M.R.Civ.P., controversy. In contrast, Otto failed to have any summons issued within the required one-year period.

¶18 Irrespective of why the summonses were not issued within the one year, the plain and mandatory language of Rule 41(e) does not lend itself to an "excusable neglect" or "no prejudice" analysis. In Sinclair v. Big Bud Mfg. Co., et al. (1993), 262 Mont. 363, 865 P.2d 264, we stated:

> Rule 41(e), M.R.Civ.P., does not afford the District Court discretion to allow the further prosecution of Sinclair's action against the non-BBMC defendants. Phrased in mandatory language, the rule requires dismissal of an action where summons is not issued within one year of the commencement of the action. Indeed, we have previously stated that the failure to issue summons within that time frame entitles a

defendant to dismissal.

*Sinclair, 262 Mont. at 367, 865 P.2d at 266-67.*

¶19 We addressed this issue most recently in Reisdorff v. County of Yellowstone, 1999 MT 280, 296 Mont. 525, 989 P.2d 850. Reisdorff had filed suit and named Doe Defendants in her complaint. She failed to have summonses issued as to the Doe Defendants within the one-year period allowed by Rule 41(e), M.R.Civ.P. Over a year later, she amended her complaint and substituted named defendants for the Doe Defendants. The clerk then, two and one half years after the commencement of the suit, issued summonses for each of the named defendants. We concluded that the district court did not err in awarding summary judgment to the defendants substituted for the Doe Defendants as a result of Reisdorff's failure to comply with Rule 41(e), M.R.Civ.P.

> A civil action is commenced when the plaintiff files a complaint. [Rule 3,] M.R.Civ. P. The plaintiff must then present a summons to the clerk for issuance. [Rule 4C,] M. R.Civ.P. The summons must be issued within one year after the action is commenced. [Rule 41(e),] M.R.Civ.P. If the summons is not issued within that time, the action must be dismissed. [Rule 41(e),] M.R.Civ.P.; *Hadford v. Credit Bureau of Havre, Inc.*, 1998 MT 179, ¶ 37, 289 Mont. 529,¶ 37, 962 P.2d 1198, ¶ 37.

*Reisdorff, ¶ 22.*

¶20 Although Rule 41(e), M.R.Civ.P., has since been amended to allow for a three-year period within which to have a summons issued, the fact remains that the former rule applicable to this case stated that the summons "must" be issued within one year of the commencement of the suit. It would be entirely inequitable and unfair to all other litigants who have been subject to Rule 41(e) dismissals in the past to now, for the first time, create an "excusable neglect" exception tailored to meet Otto's circumstances. We decline to do so.

¶21 II Is Rule 41(e), M.R.Civ.P., as a legislative enactment, in violation of Article V, Section 11(3), of the Montana Constitution?

¶22 Otto points out that there was no Rule 41(e) in the original proposed Rules of Civil

> Procedure promulgated by the Montana Civil Rules Committee in 1959. Two years after that first version of the rules was adopted, the 38th Legislative Assembly

passed a statute adding subsection (e) to Rule 41. Title to this statutory provision was "Failure to Serve Summons." There was no mention in the title that Rule 41(e) contained a restriction on or regulation of issuance of the summons in addition to service of the summons. Thus, Otto argues that Rule 41(e), to the extent that it establishes a deadline for issuance of summonses, runs afoul of Article V, Section 11 (3) of the Montana Constitution which requires that each bill for codification of the law "shall contain only one subject, clearly expressed in its title. If any subject is embraced in any act and is not expressed in the title, only so much of the act not so expressed is void."

¶23 Otto's argument, however, ignores the fact that the 1963 legislative enactment only established a three-year limit for service without any deadline for issuance of a summons. The language of Rule 41(e) requiring a summons to be issued within one-year of commencement of the action was inserted pursuant to a 1965 order of the Montana Supreme Court. *See* Cynthia Ford, *Does it Have to Be this Hard? Rule 41(e) in Montana*, 60 Mont. L. Rev., 285, 290-92 (*citing* Montana Supreme Court Order No. 10750, April 1, 1965). Since the legislative enactment was superseded by the Supreme Court order, there is no need for this Court to engage in an analysis as to whether the 1963 enactment complied with Article V, Section 11(3) of the Montana Constitution.

¶24 We determine that the District Court was correct in concluding that Article V, Section 11(3) of the Montana Constitution has no application to the version of Rule 41(e), M.R. Civ.P., in effect in April of 1997 when Otto filed her complaint.

¶25 III Does Rule 41(e), M.R.Civ.P., deprive Otto of her right to full legal redress pursuant to Article II, Section 16 of the Montana Constitution?

¶26 Otto cites the following passage from Trankel v. State of Montana (1997), 282 Mont. 348, 938 P.2d 614:

> We have considered the impact of Article II, Section 16, on numerous occasions and, without exception, have held that it precludes limitations on claims by injured employees against persons other than the employee's employer or fellow employees.

*Trankel, 282 Mont. at 361, 938 P.2d at 622.*

¶27 Based upon *Trankel* and our holdings in Lake v. State of Montana (1997), 282 Mont.

484, 938 P.2d 698, and Francetich v. State Fund (1992), 252 Mont. 215, 827 P.2d 1279, Otto concludes that Article II, Section 16 prohibits application of Rule 41(e) to deny Otto the right to pursue full legal redress on behalf of an injured employee against non-employer defendants.

¶28 Otto's reading of our precedent interpreting Article II, Section 16 is too broad. In *Trankel* we determined that the "Feres Doctrine" (barring claims against the United States arising from activities incident to military service) was not applicable and allowed Trankel to proceed with his suit against the State. *Trankel*, 282 Mont. at 356, 938 P.2d at 619. Again in *Lake*, we concluded that the "Feres Doctrine" could not be applied to deprive spouses of military employees the right to sue the State for the wrongful death of their spouses occurring during the course of their employment. *Lake*, 282 Mont. at 489, 938 P.2d at 701. In *Francetich* we held that statutory subrogation rights granted to insurance companies deprived injured workers of their right to full legal redress against third-party tortfeasors. *Francetich*, 252 Mont. at 224, 827 P.2d at 1285.

¶29 Each of the above decisions involved a statute or doctrine which specifically targeted employees seeking legal redress. Rule 41(e), M.R.Civ.P., on the other hand, does not single out employees suing for job related injuries. Rather, Rule 41(e) is a procedural rule which applies equally to all litigants. Otto seems to argue that any rule which results in the dismissal of an injured employee's claim for damages is unconstitutional under Article II, Section 16 of the Montana Constitution. Otto's interpretation of Article II, Section 16 would preclude all dismissals of employee claims, even, for example, those for failure to prosecute or based upon the statute of limitations. We have not interpreted Article II, Section 16 so broadly. Rule 41(e) is not a procedural rule which specifically interferes with an employee's vested right to seek redress. Otto, like any other litigant, had the right to pursue her claim but had to do so within the rules of civil procedure.

¶30 IV Does application of Rule 41(e), M.R.Civ.P., deny Otto the right to equal protection of the laws as guaranteed by Article II, Section 4 of the Montana Constitution?

¶31 Otto contends that Rule 41(e) implicitly establishes two classifications of plaintiffs: (1) those who have summons issued on a specific date but who filed their complaint more than one year prior to that date, and (2) those who have summons issued on that very same date but who filed their complaint within one year prior to that date. We find no merit to this argument. As discussed above and consonant with the guarantee of equal protection, Rule 41(e), M.R.Civ.P., applies equally to all litigants. Under Otto's theory, any rule of

procedure would *implicitly* create two classifications of litigants-those who comply with the rule and those who do not. Such a classification is not an invidious discrimination which runs afoul of the guarantee of equal protection of the laws.

¶32 The decision of the District Court is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ KARLA M. GRAY

Justice Terry N. Trieweiler specially concurring.

¶33 I agree that the majority has correctly decided those issues presented on appeal. I write separately to explain that while I do not believe former Rule 41(e), M.R.Civ.P., was unconstitutional for any of those reasons alleged by the Appellant, I do not believe its one-year requirement for the issuance of a summons could survive constitutional attack on other grounds.

¶34 For example, we have held in *Plumb v. Fourth Judicial District Court* (1996), 279 Mont. 363, 927 P.2d 1011, that substantive due process is denied when laws bear no rational relationship to a legitimate government objective. Certainly the requirement in former Rule 41(e) that summonses be issued within one year had no relationship to any legitimate governmental objective. Once the summons was issued it could sit in the plaintiff's attorney's file for nearly two years before it was served. The timeliness of notice to the Defendant had nothing to do with the date on which the summons was issued. No purpose at all was served by requiring that it be issued within one year when it didn't have to be served for three years from the date on which the complaint was filed.

¶35 To dismiss cases without a resolution on the merits because of failure to comply with a rule that serves no practical purpose is a harsh and pointless result. Had the appropriate

arguments been made, my vote would have been other than to affirm the District Court. However, I agree that it is appropriate for the majority to limit their decision to the arguments presented by the parties and leave the issue of substantive due process for another day when the parties on both sides have had an opportunity to fully brief and argue it.

/S/ TERRY N. TRIEWEILER

Justice William E. Hunt, Sr., joins in the foregoing specially concurring opinion.

/S/ WILLIAM E. HUNT, SR.