No. 99-132

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 316

297 Mont. 259

990 P.2d 1249

---

DEBRA SUE WHITE,

f.k.a. DEBRA SUE KLOSTERMAN,

Plaintiff and Appellant,

v.

RONALD DEAN KLOSTERMAN,

Defendant and Respondent.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

No

Randy S. Laedeke, Laedeke Law Office; Billings, Montana

For Respondent:

Daniel R. Sweeney; Attorney at Law; Butte, Montana;

_____

Submitted on Briefs: September 23, 1999

Decided: December 16, 1999

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

1. ¶ The Plaintiff, Debra White, brought this action in the District Court for the Thirteenth Judicial District in Yellowstone County to recover damages from the Defendant, Ronald Klosterman, for breach of contract. The District Court held that White's return of service of summons was not filed with the clerk of court on time and granted Klosterman's motion to dismiss. White appeals from the dismissal of her claim. We reverse the judgment of the District Court.

2. ¶ The following issue is presented on appeal:

3. ¶ Did the District Court err when it held that White's return of service was late and in violation of Rule 41(e), M.R.Civ.P. because it was not filed with the clerk of court by 5 p.m. on the last day that filing was permitted?

## FACTUAL BACKGROUND

4. ¶ On September 8, 1995, White filed a complaint against Klosterman, her former husband, to recover damages for breach of contract .

5. ¶ On June 18, 1996, the clerk of court issued a summons directed to Klosterman,

which was served by the Butte-Silver Bow Sheriff's Office on Klosterman on September 8, 1998. The affidavit of the Sheriff's dispatcher stated that she faxed the return of service to the Yellowstone County Clerk of Court on the same date, September 8, 1998. The time on the faxed return of serve was 8:23 p.m.

6. ¶ On September 23, 1998, Klosterman moved to dismiss White's complaint pursuant to Rule 41(e), M.R.Civ.P. The District Court granted Klosterman's motion. This appeal followed.

## STANDARD OF REVIEW

7. ¶ A district court's determination that a complaint must be dismissed for failure of the plaintiff to comply with Rule 41(e), M.R.Civ.P. is a conclusion of law. *Eddleman v. Aetna Life Ins. Co.*, 1998 MT 52, ¶ 8, 288 Mont. 50, ¶ 8, 955 P.2d 646, ¶ 8. We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct. *Eddleman*, ¶ 8.

## ISSUE

8. ¶ Did the District Court err when it held that White's return of service was late and in violation of Rule 41(e), M.R.Civ.P. because it was not filed with the clerk of court by 5 p.m. on the last day that filing was permitted?

9. ¶ A civil action is commenced when the plaintiff files a complaint. Rule 3, M.R.Civ. P. Rule 41(e), M.R.Civ.P., provides in relevant part:

[A]ll actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within 1 year, or unless summons issued within one year shall have been served and *filed with the clerk of the court within 3 years after the commencement of said action*, or unless appearance has been made by the defendant or defendants therein within said 3 years.

(Emphasis added.) Rule 5(e), M.R.Civ.P. defines filing:

**Rule 5(e). Filing with the court defined.** The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which

event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk. *Papers may be filed by facsimile or other electronic means*, provided the original document must be filed with the clerk within five business days of the receipt of the facsimile copy or the filing will be treated as void.

(Emphasis added.) Section 25-3-501(1), MCA provides:

**25-3-501. Service of telephonic or telegraphic copy.** (1) Any summons, writ, or order in any civil action or proceeding and all other papers requiring service may be transmitted by telegraph or telephone for such service in any place; and the telegraphic or telephonic copy of such writ, order, or paper so transmitted may be served or executed by the officer or person to whom it is sent for that purpose *and returned by him, if any return be requisite, in the same manner and with the same force and effect in all respects as the original thereof might be delivered to him*; and the officer or person serving or executing the same has the same authority and is subject to the same liabilities as if the copy were the original.

(Emphasis added.) Unless the context requires otherwise, "a 'day' is the period of time between any midnight and the midnight following." Section 1-1-301(1), MCA. Finally, "The district courts shall be deemed always open for the purpose of filing any pleading or other proper paper . . . ." Rule 77(a), M.R.Civ.P.

10. ¶ Klosterman contends that filing requires actual custody by the clerk of court. The District Court agreed; it concluded that: "a faxed pleading or other faxed document is not deemed 'filed' until the clerk of court takes the fax, puts a date stamp on it, and logs the document appropriately." However, neither the plain language of our rules, nor any Montana authority provides such requirements. Our rules simply require that return of service be filed within three years; that filing can be accomplished electronically, and that the district court "is always open for the purpose of filing."

11. ¶ In this case, White filed her complaint on September 8, 1995. The Sheriff served the summons on Klosterman on September 8, 1998. The Sheriff's dispatcher faxed the return of service to the clerk of court on September 8, 1998 at 8:23 p.m. Since Rule 5(e), M.R.Civ.P. permits filing by facsimile; Rule 77(a), M.R.Civ.P. requires the District Court to always be open for filing; and § 1-1-301(1), MCA provides that each day ends at midnight, we conclude that when White faxed the return of service to the clerk of court on September 8, 1998 at 8:23 p.m., and it was received by that office on that date, it was timely.

12. ¶ For these reasons the judgment of the District Court is reversed.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART