No. 02-691

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 173N

C. COX,

       Plaintiff and Appellant,

   v.

ROCKY MOUNTAIN BANK OF PLAINS, MURIEL L.
HOLLAND, and THE ESTATE OF JOHN JOSEPH HOLLAND,

       Defendants and Respondents.

APPEAL FROM:    District Court of the Twentieth  Judicial District,
                   In and for the County of Sanders, Cause No. DV-99-87
                   The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           C. Cox, *Pro Se*, Plains, Montana

       For Respondents:

           Daniel D. Johns, Kimberly S. More; Crowley, Haughey, Hanson, Toole
           & Dietrich, Kalispell, Montana (for Rocky Mountain Bank of Plains)

           David M. Sandler; Hammer, Hewitt & Sandler, Kalispell, Montana
           (for Muriel Holland and the Estate of John Joseph Holland)

                     Submitted on Briefs:  May 8, 2003

                           Decided:  June 26, 2003

Filed:

_____
                     Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    C. Cox appeals from the order of the Twentieth Judicial District Court, Sanders County, granting the Respondents' motions to dismiss the above-entitled action with prejudice. We affirm and remand.

¶3    Cox filed his complaint for breach of contract against the Rocky Mountain Bank of Plains (Bank) and John Joseph Holland and Muriel L. Holland on July 6, 1999. On February 14, 2002, he filed an amended complaint substituting the Estate of John Joseph Holland for John Joseph Holland (hereinafter, individually, "the Estate" and, collectively with Muriel L. Holland, "the Holland defendants"). Cox served the complaint on the Bank on July 8, 2002, but did not serve the Holland defendants.

¶4    On July 26, 2002, the Bank moved to dismiss the action against it on several bases, including process and service of process deficiencies and lack of personal jurisdiction. On August 1, 2002, the Holland defendants voluntarily appeared in the action and moved to dismiss Cox's claims against them on the same grounds. The District Court granted both motions on September 30, 2002, and dismissed Cox's complaint with prejudice. Accepting the authority and rationale set forth in the Bank's and the Holland defendants' briefs, the

2

court determined Cox failed to comply with the requirements of Rule 41(e), M.R.Civ.P. (1999).

¶5     Rule 41(e), M.R.Civ.P. (1999), provides that all actions shall be dismissed unless: summons has been issued within one year; summons issued within one year has been served and filed with the clerk of the district court within three years; or the defendant makes an appearance within three years. The determination that a complaint must be dismissed for failure to comply with Rule 41(e) is a conclusion of law. We review a district court's conclusions of law to determine whether they are correct. *White v. Klosterman*, 1999 MT 316, ¶ 7, 297 Mont. 259, ¶ 7, 990 P.2d 1249, ¶ 7 (citation omitted).

¶6     The record is clear that no summons was issued within one year of the filing of Cox's complaint, as required by Rule 41(e). Cox asserts, however, that he served the Bank with a summons within three years of filing the complaint. The assertion is irrelevant, because the service requirement in Rule 41(e) is premised on a summons having been issued within one year. A failure to have a summons issued timely results in an inability to meet the service requirement as a matter of law.

¶7     With regard to the Estate, Cox points out it made its voluntary appearance within five months of being named as a defendant in the lawsuit. He contends that the three-year "statute of limitations" was extended by four months as to the Estate pursuant to § 72-3-802, MCA, and, consequently, service of the complaint upon the Estate was timely.

¶8     When a defendant is substituted for another defendant, the substituted defendant is entitled to have the case dismissed with prejudice if the plaintiff did not have a summons

3

issued for the initial defendant within one year after the plaintiff filed the original complaint. *Reisdorff v. County of Yellowstone*, 1999 MT 280, ¶ 25, 296 Mont. 525, ¶ 25, 989 P.2d 850, ¶ 25, overruled on other grounds by *Miller v. City of Red Lodge*, 2003 MT 44, 314 Mont. 278, 65 P.3d 562. Because Cox did not have a summons issued for the original defendant, John Joseph Holland, within one year after he filed his original complaint, the Estate was entitled to have the case against it dismissed with prejudice. For that reason, we need not address Cox's argument that a "statute of limitations" was extended beyond three years as to the Estate.

¶9 Cox also states that, by making their voluntary appearance on August 1, 2002, the Holland defendants brought themselves within the jurisdiction of the District Court. He contends dismissal with prejudice of his action against them violates § 27-2-407, MCA, which provides that if "[an] action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action for the same cause after the expiration of the time so limited and within 1 year after such a reversal or termination."

¶10 Dismissal of a claim for failure to comply with the requirements of Rule 41(e) is final and has *res judicata* effect. *First Call, Inc. v. Capital Answering Serv., Inc.* (1995), 271 Mont. 425, 428, 898 P.2d 96, 98. Dismissal of the action against the Holland defendants with prejudice was proper because the Holland defendants' August 1, 2002, appearance did not occur within three years of the July 6, 1999, filing of the complaint. *See* Rule 41(e),

4

M.R.Civ.P. (1999). We conclude § 27-2-407, MCA, does not operate to "save" a claim dismissed under Rule 41(e).

¶11    On this record, the motions to dismiss Cox's complaint pursuant to Rule 41(e) were well-founded. As a result, we affirm the District Court's dismissal of the complaint.

¶12    The Bank and the Holland defendants request an award of attorney fees incurred in defending this appeal. Rule 32, M.R.App.P., allows us to assess such damages as we deem proper if we are satisfied from the record and the presentation of a civil appeal that the appeal was taken without substantial or reasonable grounds. We conclude Cox's appeal was taken without substantial or reasonable grounds. Therefore, we award the Bank and the Holland defendants reasonable attorney fees for this appeal, with the amount to be determined by the District Court.

¶13    Affirmed and remanded for proceedings consistent with this Opinion.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ JIM RICE